David Wakefield, the appellant, was indicted for the capital offense involving the robbery and intentional killing of Woodrow Kelley in violation of Alabama Code Section 13A-5-40
(a)(2). A jury found him guilty of the lesser included offense of manslaughter. Sentence was set at ten years' imprisonment.Ex parte Wakefield, 447 So.2d 1325 (Ala.Cr.App. 1983).
Wakefield argues that the trial court erred in refusing his written requested instructions on criminally negligent homicide, accident, and self-defense. In response, the Attorney General argues that the objection in the trial court was insufficient to preserve this issue on appeal. The State further contends that even had proper objection been made there was no evidence to support a conviction for criminally negligent homicide and that the charges on accident and self-defense are deficient charges. *Page 1326 
 I
At trial, defense counsel announced satisfied with the judge's oral charge and objected to the refused charges.
 "MR. PARKER (Defense Counsel): If the Court please, we object to refusing charge 1A, because it's a correct statement of the law and we feel like there was a rational basis for the Court to be charged on criminal negligent homicide. Refuse the charge of 1B, we object to that on the grounds that the Alabama Law provides that where specific intent is necessary to establish an element of the offense, then even voluntary intoxication is a defense. And the refusal of 3, 2, 1, 1C, 1D, 1E, 5, 6, 4, 7, 9, 8, and 10 are all correct statements of the law. It is prejudicial to the defendant not to give those charges and it is necessary that they be given for the Court — jury to have a complete understanding of the law."
This objection does not preserve for review the judge's failure to charge on self-defense and accident. "No party may assign as error the court's . . . failing to give a written instruction, . . . unless he objects thereto . . . stating the matter to which he objects and the grounds of his objection." A.R.Crim.P.Temp. 14; Ex parte Allen, 414 So.2d 993 (Ala. 1982). The objection of defense counsel was simply too general to preserve any error with regard to the judge's failure to charge on accident and self-defense.
 II
Defense counsel's objection was adequate to preserve for review the refusal of the requested charge on criminally negligent homicide. However, the facts of this case do not provide a rational basis for a verdict convicting Wakefield of that offense.
At trial, Wakefield's defense was that Kelley's pistol accidentally discharged while he was attempting to take the weapon away from Kelley, who had threatened to shoot him. The single discharge wounded Wakefield in the arm and Kelley in the thigh. These actions simply do not warrant an instruction on criminally negligent homicide.
This Court examined the crime of criminally negligent homicide in Phelps v. State, 435 So.2d 158, 164-65 (Ala.Cr.App. 1983). That offense involves inadvertent risk creation coupled with the actor's failure to perceive which "constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." Alabama Code Section 13A-2-2
(4) (1975); Model Penal Code Section 210.4 (1980).
Here, no reasonable interpretation of the facts allows or authorizes the inference that Wakefield was not aware of the risk he created. There was simply no negligence involved. If Wakefield apprehended danger to himself, he had the right to take the pistol from Kelley. We fail to find in his conduct any evidence of negligence. Blalock v. State, 40 Tex.Crim. R.,49 S.W. 100 (1899).
 "(W)e understand deceased was endeavoring to take the pistol away from appellant, or was trying to prevent appellant from shooting him with the pistol. If either fact be true, then the issue of negligent homicide is not the case; that is, if appellant was attempting to shoot deceased, it could not be negligent homicide; if he was not attempting to shoot deceased, and the pistol was accidentally discharged, it would simply be an accident." Williams v. State, 45 Tex.Crim. R., 75 S.W. 859, 862 (1903).
See also F. Wharton, The Law of Homicide, p. 698 (3rd ed. 1907) ("Nor is a person guilty of negligent homicide in the performance of an unlawful act, who accidentally kills a person in an attempt to dispossess him of a deadly weapon, where he has reason to apprehend danger from such person's use of it."). For these reasons, the trial judge properly refused the requested charge on criminal negligence.
 III
Although in most scuffling over gun cases, the jury should be charged on *Page 1327 
the law of accident, State v. Randolph, 496 S.W.2d 257 (Mo. 1973); State v. Ameen, 463 S.W.2d 843 (Mo. 1971), Wakefield's requested charges involving accident were properly refused because they failed to define the meaning of the word "accidentally". Jackson v. State, 265 Ala. 690, 691,93 So.2d 808 (1957); Trenor v. State, 354 So.2d 1180, 1184 (Ala.Cr.App. 1977), cert. denied, Ex parte Trenor, 354 So.2d 1185 (Ala. 1978).
We note that "self-defense and accident are inconsistent defenses, and the defendant alone may not provide the basis for submitting such inconsistent defenses to the jury." Randolph, 496 S.W.2d at 262; Ameen, 463 S.W.2d at 842. "Taking human life in self-defense is an affirmative, positive, intentional act, and the law does not recognize the anomalous doctrine of accidental self-defense." State v. Whitchurch, 339 Mo. 116,96 S.W.2d 30, 35 (1936) (citations omitted).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.