TAYLOR, Judge.
George Williams appeals from a conviction of murder in violation of § 13A-6-2, Code of Alabama 1975. Appellant was sentenced to life imprisonment in the state penitentiary pursuant to the Habitual Felony Offender Act. The sole issue on appeal is whether the trial court erred in refusing appellant’s requested jury charge on criminally negligent homicide.
The state presented six witnesses, whose testimony showed the following: On January 4, 1985, appellant, his brother, and Cla-zell Smith arrived at the Boykin Service Center (part store, part poolroom). These three men walked into the poolroom area of the service center. Appellant’s brother then started a fight with McKelvin Mosely. Appellant’s brother then ceased fighting *889 with Mosely and started a fight with Murray Pettway. Pettway picked up a shovel and hit appellant’s brother on the head. Appellant left the poolroom, went outside and got a 12-gauge shotgun from the trunk of his car. Appellant shot into the service center twice. The interval between the first and second shots was three to five seconds. There was no dispute that the first shot hit no one; the second shot hit and killed Wendell Pettway. All of the witnesses testified that appellant was outside while the shots were fired and that appellant’s brother was inside the service center.
In a statement given to the police subsequent to the incident in question, appellant gave the following version of the incident: Appellant took a 12-gauge shotgun out of the trunk of his car and fired it once into the service center. He then sat down in the front seat of his car and placed the gun down on the car seat. Appellant’s brother then came out of the service center and grabbed the gun out of the car. Appellant contended that he then grabbed his brother’s neck in order to wrestle the gun away from him. During the struggle, the gun suddenly fired, hitting Pettway.
The trial court instructed the jury on murder, manslaughter, and self-defense. The trial court also gave the following charge with respect to an accident:
“If you find that George Williams did not make an assault upon anyone and the gun was accidentally discharged by the defendant during a struggle for its possession, and an innocent bystander was shot then you may find the defendant not guilty of any degree of homicide.”
The trial court refused to give appellant’s written requested charge on criminally negligent homicide, finding no evidence to support giving the charge.
This court has stated that “an individual accused of the greater offense has a right to have the court charge on the lesser offense included in the indictment when there is a reasonable theory from the evidence to support that position.” Womack v. State, 462 So.2d 1020 (Ala.Cr.App.1985). To warrant giving an instruction on criminally negligent homicide, there must be some evidence that defendant inadvertently created a risk of which he was unaware. Wakefield v. State, 447 So.2d 1325 (Ala.Cr.App.1983).
Even if the trial court were to believe appellant’s incredible version of the incident, contrary to the testimony of the witnesses, no negligence was involved. Appellant presented no evidence that in wrestling with his brother for possession of the gun, he was unaware of a risk created thereby. If appellant were attempting to shoot the deceased, it could not be negligent homicide; if he was not attempting to shoot the deceased and the gun discharged accidentally, it would simply be an accident. Wakefield, supra.
Wé believe that there was no rational basis for charging the jury on the lesser included offense of criminally negligent homicide in the present case. Accordingly, the court’s refusal to charge the jury on that offense was not error.
Even if we were to conclude that the trial court erred in failing to instruct the jury on criminally negligent homicide, such error would not warrant reversal. The jury was charged on the elements of manslaughter and apparently rejected that theory in returning a verdict of guilty of intentional murder. The difference between manslaughter and criminally negligent homicide is the difference between recklessness and criminal negligence. Phelps v. State, 435 So.2d 158 (Ala.Cr.App.1983). A reckless person is aware of a substantial and unjustifiable risk and consciously disregards it. A criminally negligent person is not aware of the risk created but should be and therefore cannot be said to consciously disregard it. Logically, if the jury rejected a manslaughter conviction, then it would similarly reject a criminally negligent homicide conviction. As stated in Phelps, supra, “[a]ny speculation that the jury might have found the defendant guilty of criminally negligent homicide is dissipated by the fact that they found him guilty of intentional murder.” The verdict would have been no different had the jury been charged on criminally negli *890 gent homicide. Jordan v. State, 486 So.2d 485 (Ala.1986); Lofton v. State, 515 So.2d 137 (Ala.Cr.App.1987); Jones v. State, 514 So.2d 1060 (Ala.Cr.App.1987); A.R.A.P. 45. The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.