521 So.2d 91 (1987)
Weldon J. BURTON
v.
STATE.
5 Div. 267.
Court of Criminal Appeals of Alabama.
July 28, 1987.
On Return to Remand February 17, 1988.
*92 Randall S. Haynes of Radney & Morris, Alexander City, for appellant.
Don Siegelman, Atty. Gen., and James F. Hampton and J. Anthony McLain, Sp. Asst. Attys. Gen., for appellee.
TAYLOR, Judge.
The appellant, Weldon J. Burton, was convicted of murder in the first degree. He was sentenced to twenty years' imprisonment in the state penitentiary. He raises two issues in prosecuting this appeal.
Briefly, the facts are as follows: While playing cards at the home of Sadie Burton, the appellant and Joe Douglas Williams, the victim, got into an argument. Williams cut the appellant on the face and ran from the house yelling threats to the appellant, his wife, and his three children. The appellant and his wife, Sadie Burton, had been separated for 11 years. For a large portion of that time Mrs. Burton lived with Joe Douglas Williams, the deceased victim, but they lived in separate houses at the time of this incident.
When Williams left the Burton home, he ran across a field to a neighbor's house where he persuaded the neighbor to give him a ride home. In the meantime, the appellant, along with his daughter Sharon Burton, got into his car to search for Williams. The appellant was carrying a shotgun, which he had taken from the trunk of his car. As the Burtons approached Ison's Crossroads, they drove up behind the car in which Williams was a passenger. Both vehicles stopped near the crossroads. The appellant got out of his car, walked over to the car in which Williams was seated, spoke to him, and then shot and killed him.

I
Appellant argues that the trial court erred in admitting into evidence a shirt worn by the deceased at the time of his death and photographs of the deceased. We do not agree. Photographs which show external wounds in the body of a deceased victim, even though they are cumulative and based upon undisputed matters, are admissible. The fact that they are gruesome is not grounds to exclude them so long as they shed light on the issues being tried. Warrick v. State, 460 So.2d 320 (Ala.Cr.App.1984). Having such items admitted into evidence "comes with the territory" in cases dealing with violence against the person. Further, the receipt into evidence of such exhibits lies within the sound discretion of the trial court. Hopkins v. State, 429 So.2d 1146 (Ala.Cr. App.1983). There was no abuse of this discretion.

II
The appellant asserts that he was denied a fair trial by an impartial jury because of the prosecutor's use of peremptory strikes to exclude blacks from the jury in violation of the principles set out by the United States Supreme Court in Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed. 2d 69 (1986). After a jury was seated and sworn, the defense counsel moved for a mistrial, asserting that the prosecution had systematically excluded all blacks, except one, from the jury. The trial judge held a hearing on the motion. He required the state to make a showing as to why each such prospective juror was struck. Upon *93 the state's explanation, the trial court denied the motion for mistrial. The defense reserved an exception to the ruling.
After carefully examining the record of the proceedings in the trial court, we are unable to determine whether the defense attorney's motion for mistrial was timely made. For an objection like this to be timely, it must be made promptly before the venire is dismissed. United States v. Erwin, 793 F.2d 656 (5th Cir.1986), citing Batson, supra. If the issue is not presented promptly, the court is denied the opportunity to correct any error committed. The record now before us reveals that the jury had been seated and sworn when the "Batson issue" was raised by motion. The record does not, however, disclose whether the venire had been dismissed. For this reason, under the authority of Rule 10(f), Alabama Rules of Appellate Procedure, we hereby remand this case to the circuit court. We respectfully direct that a hearing be held to determine if in fact the defense motion or objection injecting this issue occurred before or after the jury venire was dismissed or excused. After such hearing, the circuit court will return to this court the transcript of the proceedings held pursuant to this remandment.
For the above stated reasons, this case is hereby remanded with instructions.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.

ON RETURN TO REMAND
TAYLOR, Judge.
The circuit court has determined after a Batson hearing that the judgment and sentence in this case should be set aside and the case restored to the docket of the circuit court and set for new trial.
The appeal is therefore dismissed as moot.
APPEAL DISMISSED.
All the Judges concur.