The appellant was indicted in a two-count indictment for intentional murder in violation of § 13A-6-2(a)(1), Code of Alabama 1975, and reckless murder in violation of §13A-6-2(a)(2), Code of Alabama 1975. He was found guilty of intentional murder and was sentenced to 24 years in prison. He raises six issues on appeal. The pertinent facts will be discussed as they arise below.
 I
The appellant first contends that the trial court erred in admitting a hearsay statement which concerned the appellant's father. We find it unnecessary to address the merits of the appellant's argument, because our review of the record reveals that the appellant presented substantially the same testimony during his case-in-chief. The record reveals that the appellant and his brother testified to substantially the same facts that were admitted through the alleged hearsay statement. Thus, even if the challenged testimony constituted inadmissible hearsay, there was no harm to the appellant. Cano v. State,543 So.2d 724 (Ala.Crim.App.), cert. denied, 493 U.S. 934,110 S.Ct. 325, 107 L.Ed.2d 315 (1989); McCall v. State, 501 So.2d 496
(Ala.Crim.App. 1986); Lewis v. State ex rel. Evans,387 So.2d 795 (Ala. 1980); Burlison v. State, 369 So.2d 844
(Ala.Crim.App.), cert. denied, 369 So.2d 854 (Ala. 1979). We also note that the challenged evidenced concerned the appellant's father. The record reveals that the appellant's father was not in any way involved in the incident. Our view of the record leads us to the conclusion that the appellant was not harmed or prejudiced by the challenged testimony.
 II
The appellant next contends that the trial court erred in admitting a photograph of the victim taken after several of his organs had been removed for transplant purposes. The record indicates that the photograph revealed both the wound causing the victim's death and a stitched incision in the area from which the organs had been removed. The incision was clearly identified by the doctor who performed the autopsy on the victim's body.
 "Photographs which show external wounds in the body of a deceased victim, even though they are cumulative and based upon undisputed matters, are admissible. The fact that they are gruesome is not grounds to exclude them so long as they shed light on the issues being tried. Having such items admitted into evidence 'comes with the territory' in cases dealing with violence against the person. Further, the receipt into evidence of such exhibits lies within the sound discretion of the trial court."
Burton v. State, 521 So.2d 91, 92 (Ala.Crim.App. 1987) (citations omitted). "Where a photograph depicts not only the wound which allegedly caused death, but *Page 578 
also depicts a surgical incision, such a photograph is not rendered inadmissible because of the depiction of the incision, where the incision is clearly identified." Woods v. State,460 So.2d 291, 294 (Ala.Crim.App. 1984). See also Voudrie v.State, 387 So.2d 248 (Ala.Crim.App.), cert. denied,387 So.2d 256 (Ala. 1980); Peterson v. State, 350 So.2d 771
(Ala.Crim.App. 1977). We find no error in the admission of the photograph.
 III
The appellant next contends that the following question constituted prosecutorial misconduct:
 "Q. [Prosecutor] You see Tony Green kill Mike Kelly?
"MR. MASON [Defense counsel]:
 "We object, that's leading the witness, and that's irrelevant.
"THE COURT:
 "I sustain the objection to the way the question was phrased.
"MR. RONNIE KEAHY:
"That's all, Your Honor."
(R. 300.) (Emphasis supplied.) While the appellant argues in brief that the prosecutor's question constituted prosecutorial misconduct, he based his objections at trial only on the form of the question and on irrelevancy. Thus, this issue was not preserved for our review. An objection on one ground waives all others. Sankey v. State, 568 So.2d 366 (Ala.Crim.App. 1990);Cole v. State, 548 So.2d 1093 (Ala.Crim.App. 1989); Davis v.State, 440 So.2d 1191 (Ala.Crim.App. 1983), cert. denied,465 U.S. 1083, 104 S.Ct. 1452, 79 L.Ed.2d 770 (1984). Furthermore, there is no adverse ruling upon which error can be predicated as the trial court sustained the objection and defense counsel did not request further relief. Brown v. State, 492 So.2d 661
(Ala.Crim.App. 1986); Proctor v. State, 391 So.2d 1092
(Ala.Crim.App. 1980). We do not find that the question was so grossly improper and highly prejudicial that the trial court should have given a curative instruction on its own. Even if the remark had any prejudicial effect, it was eradicated by the trial court's prompt action in sustaining the objection. Mastinv. State, 455 So.2d 244 (Ala.Crim.App. 1984).
 IV
The appellant next contends that the trial court erred in refusing to charge the jury on the lesser included offense of criminally negligent homicide. The jury was charged on intentional murder and on reckless manslaughter. We find that there was no rational basis for a charge on criminally negligent homicide.
The record reveals that the victim, Mike Kelly, walked up to the driver's side of the appellant's car. The appellant was in the driver's seat and his brother was in the front passenger's seat. There were several people standing around the car. The car was in the parking lot of a fast food restaurant. The State's evidence tended to prove that neither Mike Kelly nor the people with him were involved in a scuffle with the appellant or his brother. One of the State's witnesses testified that he saw the appellant shoot Mike Kelly in the face. Some of the people around his car were trying to pull his brother out of the car. He testified that Mike Kelly walked up to the car, he leaned over, and asked the appellant to get out of the car. The appellant testified that Kelly used a polite tone of voice. The appellant testified that he did not answer and that Mike Kelly then grabbed him. He stated that he tried to release the emergency break and that Kelly tightened his grip on him. He put the car in gear and pulled forward a few feet. He testified that Kelly grabbed the steering wheel. The appellant further testified that he knew his wife kept a gun in the car. He grabbed the gun and held it in his right hand. He testified that he cocked the gun. He further testified that he could tell that Kelly's face was right beside him. He gunned the car, but Kelly would not let go. He testified that he threw the gun over his left shoulder and shot into the air. He further testified that although he did not intend to shoot Kelly, he intended to fire the gun.
 "An instruction on criminally negligent homicide is proper only where the victim's death was caused by the defendant's inadvertent creation and subsequent *Page 579 
disregard of a risk of harm of which he should have been aware, but which in fact he was not aware of. To warrant the giving of such an instruction there must be some evidence that the defendant was not aware of the risk he was creating."
Wiggins v. State, 491 So.2d 1046, 1048 (Ala.Crim.App. 1986). This court has previously held that a person who intentionally draws a gun in response to or in anticipation of a confrontation with another person is aware of the risk that the gun may discharge and thus cannot be guilty of mere criminal negligence. Jones v. State, 514 So.2d 1060 (Ala.Crim.App.),cert. denied, 514 So.2d 1068 (Ala. 1987); Robinson v. State,441 So.2d 1045 (Ala.Crim.App. 1983). The appellant's own testimony indicates that he was aware of the risk. He knew Kelly's face was right beside him. He testified that he intended to shoot the gun. Thus, he could not be guilty of mere criminal negligence. We also note that a plea of self defense does not reduce a charge of murder or manslaughter to criminally negligent homicide. Lovell v. State, 521 So.2d 1346
(Ala.Crim.App. 1987).
Even if there had been evidence that the killing was the result of criminal negligence, the trial court's failure to charge on criminally negligent homicide would not warrant reversal. The jury was charged on reckless manslaughter and obviously rejected that theory by finding the appellant guilty of intentional murder. Lovell; Jones.
 V
The appellant next contends that the trial court erred in refusing to re-read the entire oral charge to the jury after the jury asked that it be recharged on murder and manslaughter. This argument has no merit. "A trial judge is not required to repeat any other part of his oral charge when answering a specific inquiry from the jury." Thomas v. State,455 So.2d 278, 281 (Ala.Crim.App. 1984). "When a jury requests additional instructions the recommended practice is for the trial court to remain within the area of the specific request in making his response." Davis v. State, 440 So.2d 1191, 1195
(Ala.Crim.App. 1983), cert. denied, 465 U.S. 1083,104 S.Ct. 1452, 79 L.Ed.2d 770 (1984). The trial judge repeated his charges to the jury concerning murder and manslaughter pursuant to the jury's request. He also instructed the jury to consider the charges he had previously given to it. We see no error in the trial court's refusal to repeat the entire jury charge.Thomas v. State, 393 So.2d 504 (Ala.Crim.App. 1981).
 VI
The appellant finally contends that the trial court erred in denying his motion for new trial because one of the jurors failed to reveal during the voir dire examination that her daughter-in-law worked for the district attorney. The record reveals that no questions were asked during the voir dire examination that would have elicited this information. The questions which the appellant claims should have evoked a response about the juror's daughter-in-law concerned whether any of the jurors were or ever had been clients of the prosecutors, whether the jurors had ever been represented by any of the other named district attorneys in the circuit and whether any of the jurors were friends with or socialized with the prosecutors. We disagree. "Unless a juror is asked a question which applies to him in a manner demanding response, it is permissible for a juror to remain silent; the juror is under no duty to disclose." Parish v. State, 480 So.2d 29,30 Ala. Crim. App. 1985). See also Clark v. State, 562 So.2d 620
(Ala.Crim.App. 1989); Thomas v. State, 338 So.2d 1045
(Ala.Crim.App. 1976). The trial court did not err in denying the appellant's motion for new trial.
For the reasons stated above, this case is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur. *Page 580