PATTERSON, Judge.
Kossuth Anthony Green appeals the denial of his petition for post-conviction relief filed pursuant to A.R.Cr.P. 32. In his petition, he attacks the validity of his murder conviction and his sentence of 24 years’ imprisonment. He appealed his murder conviction to this court, and we affirmed his conviction on August 23, 1991. Green v. State, 591 So.2d 576 (Ala.Cr.App.1991). In his petition, he contends that he was denied effective assistance of counsel during his murder trial because, *874 he says, his counsel failed to object to the trial court’s oral charge to the jury on self-defense and thus failed to preserve that issue for appellate review. He argues that the self-defense charge given by the trial court was misleading because, he says, it focused only on the actions of the victim and ignored the actions of the other members of the group of alleged assailants who, the appellant says, were attacking or threatening the appellant and his brother. Citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), he further argues that his trial counsel’s performance in failing to object to the charge was deficient and outside the range of professionally competent assistance and that the deficient performance was so serious that it deprived him of a fair trial and one wherein the results were reliable.
The record in this case shows that a hearing was held on the petition; however, neither party presented any evidence at the hearing. Only arguments of counsel were heard, and upon conclusion of those arguments, the trial judge stated: “The Court being familiar with the facts in this case ... is of the opinion the Rule 32 motion is without merit and should be denied. Therefore the motion for relief is denied.” The arguments of counsel were not transcribed.
Subsequently, the trial court entered its written order denying the petition, commenting only on the facts that the appellant and counsel for the parties were present at the hearing and that oral arguments had been presented. While the trial judge’s oral ruling included a comment on his familiarity with the facts of this case, there are no facts in the record and the trial court does not make any findings of fact in its order to aid this court in reviewing the correctness of the questioned charge. A memorandum brief of the appellant, which summarizes some alleged facts, is in the record; however, we do not consider it as a proper evidentiary source. Finally, we note that, while the parties proceeded with a hearing in this case, the state never filed a response to the petition.
We have held that knowledge of the basis for the trial court’s decision is essential to afford the petitioner due process on his appeal of the denial of his petition. Henderson v. State, 570 So.2d 879 (Ala.1990). Here, the basis for the trial court’s denial of the petition is not to be found in the record. For this reason, we remand this cause to the trial court with instructions that it make specific findings of those facts upon which the court is relying in finding that the petition is without merit. A.R.Cr.P. 32.9(d). A return should be filed with this court within 28 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS. 
All Judges concur.