The appellant, Willie Earl Marshall, was convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975. He was sentenced as a habitual offender to life imprisonment in the State penitentiary. He raises four issues on appeal.
 I
The appellant contends that the state erred in relying on prior convictions in the State of Tennessee to enhance the appellant's sentence under the Alabama Habitual Felony Offender Act. Specifically, he contends that the convictions were not verified because they were certified by a "deputy clerk" and not the "clerk" of the court as required by § 12-21-70 Code of Alabama 1975. *Page 892 
The appellant raises this claim for the first time on appeal. This issue therefore, is not preserved for appellate review.Nichols v. State, 629 So.2d 51, 57 (Ala.Cr.App. 1993).
 II
The appellant next contends that the trial court erred when it refused to instruct the jury on criminally negligent homicide as a lesser included offense of reckless murder.
"A defendant is entitled to a charge on a lesser included offense if there is any reasonable theory from the evidence that would support the position." Ex parte Oliver,518 So.2d 705, 706 (Ala. 1987). Section 13A-2-2(4), Code of Alabama 1975, provides: "A person acts with criminal negligence . . . when he fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists."
Thus, for a defendant to be entitled to an instruction on criminally negligent homicide, there must be sufficient evidence suggesting the defendant was unaware that the defendant was creating a substantial and unjustifiable risk of death to another party.
 "An instruction on criminally negligent homicide is proper only where the victim's death was caused by the defendant's inadvertent creation and subsequent disregard of a risk of harm of which he should have been aware, but which in fact he was not aware of. . . . To warrant the giving of such an instruction there must be some evidence that the defendant was not aware of the risk he was creating."
Wiggins v. State, 491 So.2d 1046, 1048 (Ala.Cr.App. 1986). (Citations omitted; emphasis in original.) The trial court did not err in refusing to give the requested instruction on criminally negligent homicide because the appellant's own testimony demonstrates his awareness that he was deliberately creating a substantial and unjustified risk of harm to others.
The appellant testified that he arrived at the M P Lounge, a club in Mobile, Alabama, around 9:00 p.m. on the night of September 25, 1993. Approximately 20 minutes after he arrived, the club's disc jockey pointed out an individual to the appellant from whom the disk jockey said the appellant could buy "dope." The appellant testified that he was offended by the disc jockey's remark and that they began to argue. During the argument, several of the disc jockey's friends attacked and beat the appellant. The appellant testified that someone picked up a table in an effort to break up the fight, and that he escaped out the back door of the bar. The appellant stated that he ran to his car and that as he did so, he saw three men emerging from the bar in pursuit. The appellant grabbed his gun from the car and his pursuers immediately went back inside the bar. The appellant then fired the gun in the direction of the bar. The appellant testified that he was dazed from the beating, that his vision was so blurred that he could not see, and that the shots he fired towards the bar were in self-defense. One of these bullets entered the bar through a boarded-up window and struck and killed a patron, Leroy Williams.
The appellant's own testimony demonstrates that he intentionally fired a gun several times toward a building that he knew was crowded with bar patrons. Therefore, it cannot be reasonably assumed that the appellant was unaware that he was creating a risk of death to another person.
 "In Robinson v. State, 441 So.2d 1045, 1047
(Ala.Cr.App. 1983), this court observed that a person 'who intentionally draws a gun in response to or in anticipation of a confrontation with another is certainly aware of the risk that the gun might discharge; therefore, he cannot be guilty of mere criminal negligence.' "
Wiggins 491 So.2d at 1048. A charge of murder or manslaughter is not reduced to criminally negligent homicide by a claim of self-defense. Lovell v. State, 521 So.2d 1346
(Ala.Cr.App. 1987). Under the facts of this case the appellant was not entitled to a jury instruction on criminally negligent homicide.
 III
The appellant next contends that the trial court erred in its instruction to the jury concerning the law on self-defense. The appellant asserts that the trial court's instructions were erroneous for two reasons: (1) no *Page 893 
charge was given addressing the intoxication of the victim and the appellant's "assailants," and (2) the instructions regarding "retreat-with-complete-safety" were inadequate.
This issue is also presented for the first time on appeal. The appellant did not present the issue to the trial court for a ruling, and he did not request that any instruction be given to the jury on the subject of the effect of intoxication of the victim on the defense of self-defense.
 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
Rule 21.2, Ala.R.Crim.P. Because no objection was made at trial, this issue is not preserved for review. Ex parteBeavers, 598 So.2d 1320 (Ala. 1992).
 IV
The appellant last contends that the trial court abused its discretion in not granting a mistrial when a juror revealed that he was related by marriage to one of the State's witnesses. The State's second witness was Marvin Parnell, a co-owner of the M P Lounge. Mr. Parnell testified that several people were involved in the fight that occurred that night and that the appellant was asked to leave the bar through the back door after the fight was stopped. He also testified that he counted six gunshot holes in the side of the building next to the rear entrance to his bar. After Mr. Parnell testified, a juror informed the court that Mr. Parnell was a "brother-in-law of his sister-in-law." The appellant then requested a mistrial, and the court denied the request.
To determine whether the trial court erred in denying the appellant's motion for a mistrial, we must first ascertain whether this juror would have been struck for cause. A potential juror may be challenged for cause based on the statutory grounds listed in § 12-16-150, Code of Alabama 1975, or on the common law ground of "probable prejudice." Knop v.McCain 561 So.2d 229 (Ala. 1989). Addressing the "probable prejudice" ground, the Alabama Supreme Court has said:
 "Ultimately, the test to be applied is whether the juror can set aside her opinions and try the case fairly and impartially, according to the law and the evidence. . . . This determination, again, is to be based on the juror's answers and demeanor and is within the sound discretion of the trial judge. Thus, a prospective juror should not be disqualified for prejudices or biases if it appears from his or her answers and demeanor that the influence of those prejudices and biases can be eliminated and a verdict rendered according to the evidence."
Knop, 561 So.2d at 232. (Citations omitted.) The appellant's reason for challenging the juror is not one of the statutory grounds for exclusion. Additionally, the trial court did not abuse its discretion in finding that no probable prejudice existed merely because the juror was distantly related to the witness. The court questioned the juror on whether his relationship to Mr. Parnell would affect his impartiality or his view of the evidence. The juror responded that it would not. The court was in the best position to judge the answer and demeanor of the juror, and there is no evidence to suggest its decision was outside the bounds of its discretion.
The appellant also alleges that the juror's failure to make his "relationship" to Mr. Parnell known until after the jury was selected was deliberate.
The appellant relies on Ex parte Ledbetter, 404 So.2d 731
(Ala. 1981), for the standard to be used in deciding whether a juror's deliberate or unintentional failure to respond to voir dire questions establishes probable prejudice. The correct test is whether the juror "might have been" prejudiced against the defendant; not whether he was actually prejudiced. Ledbetter.
During voir dire, the appellant had the right to truthful answers from the prospective jurors so that he could exercise his peremptory strikes wisely. State v. Freeman, 605 So.2d 1258
(Ala.Cr.App. 1992). However, the appellant concedes that neither the court, *Page 894 
the defense, nor the prosecution asked any questions about the jurors' relationships to possible witnesses. Hence, no dishonest silence or untruthful response occurred because the pertinent question was not asked. " 'Unless a juror is asked a question which applies to him in a manner demanding response, it is permissible for a juror to remain silent; the juror is under no duty to disclose.' " Green v. State, 591 So.2d 576,579 (Ala.Cr.App. 1991) (quoting Parish v. State, 480 So.2d 29,30 (Ala.Cr.App. 1985)). The court noted that the jurors did not know the identities of all the witnesses and that they presumably had no reason to suspect that Mr. Parnell would testify. Moreover, the appellant presented no evidence that the juror at issue answered any question untruthfully during voir dire. Consequently, the appellant's allegations of juror dishonesty or nonresponsiveness are unsupported by the record, and the Ledbetter test is not applicable. The trial court committed no error in denying the appellant's motion for a mistrial.
For the foregoing reasons, the appellant's conviction is due to be affirmed.
AFFIRMED.
All the judges concur.