TAYLOR, Presiding Judge.
The appellant, Anthony Lanica Roemer, was indicted for murder, a violation of § 13A-6-2, Code of Alabama 1975, but was convicted of manslaughter, a violation of § 13A-6-3, Code of Alabama 1975. He was sentenced to 11 years in the state penitentiary-
The state’s evidence tended to show that on March 11, 1994, Roemer shot and killed Jerry Eaton during an argument at Derrell Briggins’s house. Briggins testified that on the night Eaton was killed Briggins was operating an unlicensed drinking establishment at his house and that he, Roemer, Eaton, and several other people were at the establishment eating and drinking. Briggins further testified that when he was in the kitchen, he heard an argument take place between Roemer and Eaton, who were in the living room. Briggins told them to take the argument outside. Eaton headed for the door. Briggins testified that as Eaton was about to open the door, he saw Roemer pull a pistol out of his jacket pocket and hit Eaton on the side of the head. Briggins said that Roemer and Eaton began wrestling for control of the pistol and that he attempted to intervene and break up the fight. Briggins testified that he heard a shot and backed away from the two. He said that he then heard two more shots and that he saw Roemer walk out the front door. Eaton’s body was laying on the floor by the couch after Roemer left the house.
I
Roemer first contends that the trial court erred in refusing to instruct the jury on the lesser included offense of criminally negligent homicide. “Generally, a trial court should instruct the jury on a lesser offense if there is a reasonable theory from the evidence to support that lesser offense.” Jones v. State, 656 So.2d 414, 415 (Ala.Cr.App. 1994).
“ When a greater and a lesser included offense are charged, the proper course is for the trial judge to instruct the jury to consider the lesser offense only if a reasonable doubt exists concerning the accused’s guilt of the greater offense.’ ”
Parker v. State, 587 So.2d 1072, 1084 (Ala.Cr.App.1991), quoting Bragg v. State, 453 So.2d 756, 759 (Ala.Cr.App.1984).
“‘An instruction on criminally negligent homicide is proper only where the victim’s death was caused by the defendant’s inadvertent creation and subsequent disregard of a risk of harm of which he should have been aware, but which in fact he was not aware of. To warrant the giving of such an instruction there must be some evidence that the defendant was not aware of the risk he was creating.’ Wiggins v. State, 491 So.2d 1046, 1048 (Ala.Cr.App.1986). This court has previously held that *987 a person who intentionally draws a gun in response to or in anticipation of a confrontation with another person is aware of the risk that the gun may discharge and thus cannot be guilty of mere criminal negligence. Jones v. State, 514 So.2d 1060 (Ala.Cr.App.1987), cert. denied, 514 So.2d 1068 (Ala.1987); Robinson v. State, 441 So.2d 1045 (Ala.Cr.App.1983).”
Green v. State, 591 So.2d 576, 578-79 (Ala.Cr.App.1991).
The record shows that Roemer testified that he intentionally pulled the pistol out of his jacket pocket. The court did not err in refusing to instruct the jury on criminally negligent homicide because there was no evidence to support such an instruction.
II
Roemer next contends that the court erred in overruling his motion for a judgment of acquittal because, he says, the state did not prove that he intended to kill Eaton or that he killed him in the heat of passion.
As this court stated in Weidler v. State, 624 So.2d 1090, 1093 (Ala.Cr.App.1993): “The specific intent to take a life is not an essential element of the crime of manslaughter.”
In addition, the state did not have to prove that Roemer killed Eaton in the heat of passion. Under § 13A-6-3, Code of Alabama 1975, a person commits manslaughter if:
“(1) He recklessly causes the death of another person, or
“(2) He causes the death of another person under circumstances that would constitute murder under Section 13A-6-2; except that he causes death due to a sudden heat of passion....”
(Emphasis added.)
There was sufficient evidence presented by the state regarding Roemer’s conduct to prove a prima facie ease of manslaughter. The trial court did not err in overruling Roemer’s motion for a judgment of acquittal.
III
Roemer lastly contends that the trial court erred by instructing the jury on manslaughter because, he says, no evidence of recklessness was presented.
“ ‘A trial court has broad discretion in formulating its jury instructions, providing they are an accurate reflection of the law and facts of the ease.’ ” Coral v. State, 628 So.2d 954, 982 (Ala.Cr.App.1992), quoting Coon v. State, 494 So.2d 184, 186 (Ala.Cr.App.1986).
Briggins, several other witnesses, and Roemer himself testified at trial that Roemer pulled a pistol out of his jacket pocket while he was arguing with Eaton. Briggins and several other witnesses also testified that Eaton was shot with the pistol during the' fight that ensued. There was more than sufficient evidence for the court to include an instruction on manslaughter.
For the foregoing reasons, the judgment in this ease is due to be and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.