MOORE, Chief Justice
(dissenting).
I respectfully dissent because I believe that this Court is not giving the trial court the deference it is due under the exceeds-its-discretion standard.[9]
A trial court has considerable discretion in determining whether probable prejudice exists. As the Court notes, we have held that “ ‘the determination of whether ... there was probable prejudice[ ] is a matter within the trial court’s discretion,’ ” which will not be reversed ‘“ “unless the court has [exceeded] its discretion.” ’ ” 198 So.3d at 577 (quoting Ex parte Dobyne, 805 So.2d 763, 772 (Ala.2001), quoting in turn Union Mortg. Co. v. Barlow, 595 So.2d 1335, 1342 (Ala.1992)).
“ ‘A court exceeds its discretion when its ruling is based on an erroneous conclusion of law or when it has acted arbitrarily without employing conscientious judgment, has exceeded the bounds of reason in view of all circumstances, or has so far ignored recognized principles of law or practice as to cause substantial injustice.’ ”
Wright Therapy Equip., LLC v. Blue Cross & Blue Shield of Alabama, 991 So.2d 701, 705 (Ala.2008) (quoting Edwards v. Allied Home Mortg. Capital Corp., 962 So.2d 194, 213 (Ala.2007)).
With this dfefereritial standard of review in mind, this Court may grant Larry Dun-away relief "if he can show that the juror’s nondisclosure or falsification probably (not possibly) caused Dunaway to forgo challenging the juror for cause or exercising a peremptory strike to remove the juror. Dobyne, 805 So.2d at 772.
“ ‘Some of the factors that this Court has approved for using to determine whether' there' was probable prejudice include: “temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror’s inadvertence or wilfulness in falsifying or failing to answer, the failure of the' juror to recollect, and the materiality of the matter inquired about.” ’ ”
Id. (quoting Union Mortgage Co., 595 So.2d at 1342-43, quoting in turn Freeman v. Hall, 286 Ala. 161, 167, 238 So.2d 330, 336 (1970)). Because Dunaway’s trial counsel did not testify as to whether they would have struck the jurors in question, the only way to establish probable preju *589 dice in this case would be “from the obvious tendency of the true facts to bias the juror.” Dobyne, 805 So.2d at 773. However, we must remember that, in applying these rules, we still “‘grant great deference to the trial judge, who is on the scene and who can best judge the credibility of the participants and determine what actually occurred’ therefore, :we will not reverse the judgment of the trial court unless the court has exceeded its discretion. 805 So.2d at 772 (quoting Ex parte Pressley, 770 So.2d 143, 147 (Ala.2000)).
Applying the Dobyne factors, the Court first holds that L.L.’s .failure to disclose that her cousin had been the victim of a crime probably caused Dunaway to forgo a for-cause or peremptory challenge. I am not convinced that the trial court exceeded its discretion in arriving at the opposite conclusion. First, the main opinion makes much of the fact that L.L. was struck from the venire of her cousin’s trial on the same day as Dunaway’s jury was struck, but it seems to ignore the fact that L.L.’s cousin was shot nine months before Dunaway’s trial. As to the second, third, and fourth factors, L.L.’s venire panel was asked only whether anyone had someone in their “immediate family” who was a -crime victim. The entire venire was asked previously whether anyone in their, family was a crime victim, but -that question did not specify whether “family” referred to immediate family or extended family. Although other evidence suggests that L.L. should have understood the question, the trial judge was “ ‘on the scene and [was able to] best judge the credibility ■ of the participants and determine what actually occurred.’ ” Dobyne, 805 So.2d at 772 (quoting Ex parte Pressley, 770 So.2d at 147). Dunaway appears to be arguing that L.L. lied. However, under these facts, the trial court could have reasonably found that she was confused by the voir dire questions and made a mistake on the questionnaire.
Finally, th^..materiality of L.L.’s nondisclosure's the most important factor in this analysis. Dunaway easily could have established the materiality of L.L.’s nondisclosure simply by asking his trial counsel at the Rule 32, Ala. R.Crim. P., hearing whether they would have struck L.L. had they known that her cousin had been the victim of a crime. He did not do so,. This Court should consider this fact in determining whether L.L.’s omission was material. See Dobyne, 805 So.2d at 773-74 (refusing to hold .that Dobyne was probably prejudiced partly because Dobyne did not ask trial counsel whether a juror’s nondisclosure caused counsel to forgo a strike); Ex parte Dixon, 55 So.3d 1257, 1264 (Ala.2010). Moreover, Dunaway did not strike two other jurors who had disclosed that they had family members who had been victims of crimes. Under these facts, the trial court could have soundly concluded that L.L.’s omission was not material.
Consequently, I would hold that the trial court did not exceed its discretion regarding L.L.’s nondisclosure, and I believe that the Court fails to give the trial court the deference due it under the standard of review by concluding otherwise. Remarkably, the Court states'that the five Dobyne factors “arguably support a finding of probable prejudice.” 198 So.3d at 582-83 (emphasis added). This is a drastic departure 'from the exceeds-its-discretion standard. As stated above, if this Court holds that a trial court exceeded its discretion, it holds that the trial court “has acted arbitrarily without employing conscientious judgment, has exceeded the bounds of reason in view of all circumstances, or has so far ignored recognized principles of law or practice as to cause substantial injustice.” Wright Therapy Equip., 991 So.2d at 705 (emphasis added). However, in this case, the Court interprets the exceeds-its-diseretion standard to mean not that it must *590 defer to the trial court unless the trial court acted arbitrarily or exceeded the bounds of reason but, rather, that it may overturn the trial court’s ruling if the evidence arguably supports a contrary finding. This resembles a de novo review more than anything else.
Likewise, Í am not convinced that the trial court exceeded its discretion in holding that E.B.’s nondisclosure did not constitute''probable prejudice. As to the first Dobyne factor, the event in question happened 12 years before Dunaway’s trial and was therefore temporally remote. As to the second and third Dobyne factors, the prosecutor, Boyd Whigham, asked the ve-nire whether any veniremember was “a client of mine at any time.” E.B. testified during the Rule 32 hearing that she did not retain and pay Whigham but, rather, that her son had retained and paid him. Thus, she might not have answered because she was confused by thé question. If she was not Whigham’s “client,” then she was under, no obligation to answer. “.‘“Unless a juror is asked a question which. applies to [her] in a manner demanding response, it is permissible for a juror to remain, silent; the juror is under no duty to disclose.” ’ ” Marshall v. State, 668 So.2d 891, 894 (Ala.Crim.App.1996) (quoting Green v. State, 591 So.2d 576, 579 (Ala.Crim.App.1991), quoting in turn Parish v. State, 480 So.2d 29, 30 (Ala.Crm.App.1985)). The question was ambiguous, and. the trial court was in a much better position than is this Court to assess whether E.B.’s nondisclosure was inadvertent or willful.
Finally, as to the fifth Dobyne factor, I note again that Dobyne’s trial counsel did not testify as to whether they would have struck E.B. had they known about the nondislosure, which would have been the easiest way to establish materiality. Nevertheless, Dunaway adamantly argues that this information .was material because he “actively sought to remove all such jurors,” referring to jurors who had been previously represented by Whigham. (Dunaway’s brief, at 31 (emphasis added).) However, this argument contradicts Duna-way’s earlier concession that he struck only three out of five jurors who had been represented by- Whigham. (Dunaway’s brief, at 27-28.)
Thus, under these facts, I cannot hold that the trial court exceeded its discretion in concluding that probable prejudice did not exist in spite of E.B.’s nondisclosure. The main opinion states: “It takes no leap of imagination to assume that E.B. carried a favorable opinion of Whigham based on his representation of her when he was in private practice and that this opinion could have biased her view of Dunaway’s case.” 198 So.3d at 586 (emphasis added). Again, the question is not whether Whigham’s past .representation could have biased E.B.’s view but whether the trial court exceeded ■ its discretion in holding that E.B.’s nondisclosure probably did not cause Dunaway to forgo a challenge. Do-byne, 805 So.2d at 772.
In reviewing the evidence, this Court should have “ ‘grant[ed] great deference to the trial judge, who [was] on the scene and who [could] best judge the credibility of the participants and determine what actually occurred.’ ” Dobyne, 805 So.2d at 772 (quoting Ex parte Pressley, 770 So.2d at 147). After conducting its analysis of the Dobyne factors, the best that the Court can do is conclude that the nondisclosures by L.L. and E.B. “arguably support a finding of probable prejudice” (L.L.), 198 So.3d at 582-83 '(emphasis added), or that the facts at issue “could have-biased” their decision (E.B.), 198 So.3d at 586 (emphasis added); ■ The trial court was in a much better position than is this Court to determine whether the jurors’ nondisclosures probably prejudiced ' Dunaway. Even though Dunaway confessed to murdering a *591 22-month-old baby by setting him on fire, this Court is still duty-bound to reverse his conviction if the jurors’ nondisclosures deprived him of a fair trial. However, “ ‘ “[a] defendant is entitled to a fair trial but not a perfect one,” ’ for there are no perfect trials.” Brown v. United States, 411 U.S. 223, 231-32, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973) (quoting Bruton v. United States, 391 U.S. 123, 134, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), quoting in turn Lutwak v. United States, 344 U.S. 604, 619, 73 S.Ct 481, 97 L.Ed. 593 (1953)). For the reasons provided above, I cannot conclude that the trial court acted “arbitrarily without employing conscientious judgment” or that it “exceeded the bounds of reason,” Wright Therapy Equip., 991 So.2d at 705, in concluding that probable prejudice did not exist in this case. Therefore, because I do not believe that this Court gave the trial court’s judgment the deference it was due, I must dissent.[10]

. “This Court now uses the phrase ‘exceeded its discretion’ rather than the phrase ‘abused its discretion.’ The standard of review remains the same.” Classroomdirect.com, LLC v. Draphix, LLC, 992 So.2d 692, 701 n. 1 (Ala.2008).

. The Court pretermitted discussion of Dun-away’s claims as to jurors V.S. and M.B., as well as to Dunaway's ineffective-assistance-of-counsel claim and his Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), claim. Just as I find Dunaway's arguments unpersuasive as to L.L. and E.B., I also find his arguments unpersuasive as to V.S. and M.B. I am also unpersuaded that Duna-way’s trial counsel were ineffective under the standard established .in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L,Ed.2d 674 (1984), or that the Court of Criminal Appeals' erred in affirming the trial court’s ruling on Dunaway's Brady claim.