The appellant, David Wayne Hammock, was convicted of criminally negligent homicide, a violation of § 13A-6-4, Code of Alabama 1975. He was sentenced to 12 months in jail and was fined $2,000. The evidence tended to show that the appellant and Jimbo Mills began fighting at a party on December 22, 1990. During the fight, the appellant grabbed a knife and stabbed Mills in the chest. Mills died as a result of this stab wound.
The appellant presents four evidentiary issues on appeal.
 I
The appellant contends that the court erred in receiving into evidence State's exhibit 18, a photograph of the victim's heart after it had been removed from his body. The photograph showed the stab wound to the heart. The appellant urges that the receipt into evidence of a photograph of an internal organ was not "within the [bounds] of evidentiary propriety."
 "Generally, photographs are admissible into evidence in a criminal prosecution 'if they tend to prove or disprove some disputed or material issue, to illustrate or elucidate some other relevant fact or evidence, or to corroborate or disprove some other evidence offered or to be offered, and their admission is within the sound discretion of the trial judge.' Magwood v. State, 494 So.2d 124, 141 (Ala.Cr.App. 1985), aff'd, 494 So.2d 154 (Ala. 1986), cert. denied, 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 599 (1986). See also Woods v. State, 460 So.2d 291 (Ala.Cr.App. 1984); Washington v. State, 415 So.2d 1175
(Ala.Cr.App. 1982); C. Gamble, McElroy's Alabama Evidence § 207.01(2) (3d ed. 1977).
 "It has long been the law in Alabama that '[p]hotographs which show external wounds in the body of a deceased victim, even though they are cumulative and based on undisputed matters, are admissible. The fact that they are gruesome is not grounds to exclude them so long as they shed light on the issues being tried.' Burton v. State, 521 So.2d 91, 92 (Ala.Cr.App. 1987). See also Kinder v. State, 515 So.2d 55
(Ala.Cr.App. 1986). The fact that a photograph is gruesome and ghastly is no reason to exclude it from the evidence, so long as the photograph has some relevancy to the proceedings, even if the photograph may tend to inflame the jury. Magwood v. State, supra, 494 So.2d at 141. See also Hutto v. State, 465 So.2d 1211 (Ala.Cr.App. 1984); Jones v. State, 439 So.2d 776 (Ala.Cr.App. 1983); Godbolt v. State, 429 So.2d 1131 (Ala.Cr.App. 1982)."
Bankhead v. State, 585 So.2d 97, 109-10 (Ala.Cr.App. 1989), remanded on other grounds on rehearing, 585 So.2d 112
(Ala. *Page 547 
1991), on remand, 585 So.2d 133 (Ala.Cr.App. 1991), aff'd on return to remand, [Ms. 6 Div. 370, February 28, 1992], 1992 WL 73109 (Ala.Cr.App. 1992). (Emphasis added.)
There is no case law in Alabama prohibiting the admittance of photographs of internal organs into evidence. The Supreme Court of Mississippi addressed this issue in Williams v.State, 544 So.2d 782 (Miss. 1987). The Williams
court, in holding that a photograph of a heart and a larynx was correctly received into evidence, stated:
 "A review of our case law indicates that the discretion of the trial judge runs toward almost unlimited admissibility regardless of the gruesomeness, repetitiveness, and the extenuation of probative value."
Williams, 544 So.2d at 785.
We agree with the Mississippi Supreme Court. There is no reason to treat photographs of internal wounds differently than photographs of external wounds. The photograph of the victim's heart helped illustrate and corroborate the testimony of the coroner regarding the cause of the victim's death. That the appellant's misconduct would be found out, laid before a jury in specific detail, and judged by it, are matters within the comprehension of the average person. The circuit court acted according to law in receiving the photograph of the heart into evidence.
 II
The appellant argues that the state "attempted to improperly impeach" one of his witnesses. The appellant addressed several instances in which he contends the court erred in ruling adversely to him. On one occasion the state asked whether the witness had been arrested for public intoxication. The appellant moved for a mistrial, the state withdrew the question, and the court denied the appellant's motion and instructed the jury to disregard the question.
On another occasion, the state's attorney commented that the witness "couldn't tell the truth." Again, the court denied the appellant's motion for a mistrial and instructed the jury to disregard the comment. The granting of a mistrial is an extreme measure. Hagood v. State, 588 So.2d 526 (Ala.Cr.App. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1943,118 L.Ed.2d 548 (1992). The court's instructions to the jury to disregard the prosecution's comments and questions create a presumption against error. Garrett v. State, 580 So.2d 58
(Ala.Cr.App. 1991). The court correctly denied the appellant's motions for a mistrial in both of these instances.
The other instances which the appellant contends were error occurred when the prosecution cross-examined a witness about whether another witness would be correct if he testified to a particular fact. The appellant contends that these questions required the witness to testify about facts not within his own knowledge. Our review of these questions leads us to conclude that the questions required answers based entirely on the knowledge of the witness being cross-examined. Counsel is given wide range when cross-examining a witness. "The scope of cross-examination of a witness is a matter controlled by law."Scott v. City of Guntersville, 612 So.2d 1273, 1275
(Ala.Cr.App. 1992). "The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him. . . ." § 12-21-137, Code of Alabama 1975. The court correctly overruled the appellant's objections to these questions.
 III
Last, the appellant argues that the testimony of a witness concerning the victim's reputation for peacefulness should have been excluded.
 "[I]n order for a witness to be qualified to testify to another's general reputation in the community, the witness must have been a member of such community or have had a reasonably close connection therewith. A second prerequisite to such testimony is that the witness possess knowledge of the subject person's good general reputation." *Page 548 
C. Gamble, McElroy's Alabama Evidence § 26.02(11) (4th ed. 1991). The appellant contends that the witness testified about his personal opinion of the victim, not about his reputation in the community. The witness testified that he lived in an area near where the victim lived and that he had known the victim for several years. When asked what the victim's reputation for peacefulness in the community was, he replied that "it was good." It was not error to receive this testimony into evidence. The predicate was established here, and the witness was correctly allowed to testify about the victim's reputation for peacefulness.
We have considered other matters presented and we resolve them in favor of the state. For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 1146