I disagree with the holding of the majority in part III of its opinion that the "extent of cross-examination is within the trial judge's discretion and his decision will not be disturbed without a showing of an abuse of that discretion." I do not consider the law of *Page 1063 
evidence has deteriorated into a matter of the court's discretion. The scope of cross-examination is not merely a matter to be left to the sound discretion of the trial judge, as some cases may seem to say, but is a matter controlled by law. C. Gamble, McElroy's Alabama Evidence § 136.01 (4th ed. 1991). See Hammock v. State, 612 So.2d 545 (Ala.Cr.App. 1992).
Section 12-21-137, Code of Alabama 1975, states, in pertinent part:
 "The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him. . . ."
See also Ala. Const. 1901, Article I, § 6:
 "[T]he cross-examining party has the absolute right on cross-examination, not only to inquire as to matters relevant to the issues . . . but also to inquire into the conduct and circumstances of the witness which have measurable bearing upon his credibility. This right to a party to have thorough and sifting cross-examination is provided by statute."
C. Gamble, McElroy's Alabama Evidence § 136.01 (4th ed. 1991).
Although I disagree with the majority's statement characterizing the extent of cross-examination as being solely within the discretion of the trial court, I agree with the result reached by the majority. Under the circumstances of this case, the error addressed here was harmless.