TAYLOR, Judge.
The appellant, Patrick Deslander Rincher, a 17-year-old, was transferred from juvenile court to circuit court for trial. He was found guilty by a jury of felony murder, and was sentenced to life in the penitentiary.
The state’s evidence tended to show that on November 23, 1991, the appellant took part in the robbery of a Food Giant Supermarket in the Center Point section of Birmingham. The appellant and two other participants planned to rob an employee of Food Giant as he made the night deposit at a bank. During the course of this robbery, Bruce Dendy, a security guard who was escorting an employee of Food Giant to the bank, was shot. Dendy subsequently died as a result of the gunshot wounds.
The appellant argues on appeal that the trial court erred in denying his motion to suppress an allegedly coerced statement he made to Captain William T. Gaut of the Birmingham Police Department. The appellant confessed to Gaut that he was involved in the planning of the robbery and was the driver during the robbery. The appellant *39 contends that he was not read his rights from the juvenile rights form, as required by Rule 11(A), A.R.Juv.P. The appellant further contends that his statement was coerced because Captain Gaut promised him that he could go home after he made the statement.
All extrajudicial statements made by a defendant are deemed to be involuntary. Smith v. State, 623 So.2d 369 (Ala.Cr.App.1992); Mitchell v. State, 508 So.2d 1196 (Ala.Cr.App.1986). “Before an accused’s confession can be received into evidence against him, both voluntariness and a Miranda[1] predicate must be shown.” Henderson v. State, 583 So.2d 276, 295 (Ala.Cr.App.1990), aff'd, 583 So.2d 305 (Ala.1991), cert. denied, - U.S. -, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992).
When the appellant was arrested at school, the arresting officers informed him of his juvenile rights under Rule 11(A), A.R.Juv.P. However, when the appellant was brought to the station, Detective Jerome Green of the Birmingham Police Department and Captain Gaut each read him his rights, both in and outside the presence of his mother, from an adult waiver form because none of the officers had a juvenile form available. Captain Gaut testified that the only difference between the adult waiver form and the juvenile waiver form is that the adult form does not include the right that the juvenile has to have his parents present or to talk to his parents before making a statement to the police. Nevertheless, the appellant was allowed to see and to speak with his mother, and she was present when he gave his statement. Therefore, the appellant was adequately advised of his juvenile rights, and he was not deprived of any right accorded a juvenile.
Next, we must consider whether the appellant’s confession was made as the result of coercion by the officers of the Birmingham Police Department.
“Confessions that are the result of express or implied promises are not voluntary and must be excluded from the jury’s consideration. Guenther v. State, 282 Ala. 620, 213 So.2d 679 (1968), cert, denied, 393 U.S. 1107, 89 S.Ct. 916, 21 L.Ed.2d 803 (1969).”
Wyatt v. State, 620 So.2d 77 (Ala.Cr.App.1992). See also, C. Gamble, McElroy’s Alabama Evidence, § 200.01(1) (4th ed. 1991). The state has the burden of proving the voluntariness of the confession. Whitlow v. State, 509 So.2d 252 (Ala.Cr.App.1987).
At the hearing on the motion to suppress, Gaut testified on cross-examination as follows:
“Q [defense counsel]: So before you went on tape and you read the rights to him, did you tell him — forgive me for re-asking this. Did you or did you not say that he could go home if he told the truth?
“A: Not in those words, no, sir.
“Q: Do you remember what you did tell him about going home?
“A: No, sir. My best recollection is Patrick kept saying that all he wanted to do was go home. And his mother told him that she just wanted him to tell the truth. And I said, Yeah, all we want you to do is tell the truth. And I may have said, Yeah, if you tell me the truth, you know, then you can go home.
“Mr. Morgan [defense counsel]: Nothing further.
“A: I may very well have said that, yes.”
Furthermore, the appellant’s mother, Yolanda Rincher, testified at the suppression hearing that Captain Gaut told the appellant, “You go ahead and admit that you did it or go ahead and say you know about this, what you know about this, then you can very well walk out with your mother.” In addition, the appellant testified at the suppression hearing to the following:
“Q [defense counsel]: What was [Gaut] saying?
“A: Telling me that he knew I had did it and my mother know I did it so just go on and tell the truth, if you tell the truth that you’ll go home. And then I said, ‘You mean if I tell you I know something about this, I can just go home?’ And he said, ‘Yes.’ ”
The Alabama Supreme Court has held:
*40 “The true test of voluntariness of extrajudicial confessions is whether, under all the surrounding circumstances, they have been induced by a threat or a promise, express or implied, operating to produce in the mind of the prisoner apprehension of harm or hope of favor; and if so, whether true or false, such confessions must be excluded from the consideration of the jury as having been procured by undue influence.”
Guenther v. State, 282 Ala. 620, 623, 213 So.2d 679, 681 (1968), cert. denied, 393. U.S. 1107, 89 S.Ct. 916, 21 L.Ed.2d 803 (1969). Even the slightest promise will render a statement involuntary and the product of coercion. Franklin v. State, 621 So.2d 364 (Ala.Cr.App.1992).
The record shows that the appellant’s confession was made after Captain Gaut promised the appellant that he could go home if he made a statement. The appellant was subjected to custodial questioning about alleged criminal activity. Considering the appellant’s age and the fact that he wanted to go home, the statement was induced by Captain Gaut’s promise. Having determined that the appellant’s statement was coerced, we must now decide whether the admission of the coerced confession into evidence was harmless error.
The United States Supreme Court has held that the receipt of a coerced confession into evidence may not amount to reversible error if the reviewing court finds “beyond a reasonable doubt” that the statement’s admission was harmless. Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Here, however, we do not find beyond a reasonable doubt that the error was harmless. The statement that was read to the jury contained the appellant’s admission that he was involved in the planning of the robbery and that he participated in the carrying out of the plan as the driver. The statement was the strongest evidence presented against the appellant, especially in light of the fact that the trial court erred in denying the appellant full cross-examination of one of the state’s key witnesses.
The appellant was not allowed to cross-examine one of the state’s key witnesses, Xavier Arrington, on the subject of any deals which may have been made between him and the prosecution in exchange for his testimony. Arrington was not a party to the crime of which the appellant was accused. There was some question whether Arrington had committed a previous robbery and whether he was going to be indicted for the previous robbery and whether by testifying at the appellant’s trial, he would be rewarded by not being prosecuted for an earlier offense. The trial court refused to allow the appellant’s counsel to question Arrington about any such robbery or any possible deals that may have existed between Arrington and the prosecution.
The scope of cross-examination is a matter controlled by law. C. Gamble, McElroy’s Alabama Evidence, § 136.01 (4th ed. 1991). See Hammock v. State, 612 So.2d 545 (Ala.Cr.App.1992); Scott v. City of Guntersville, 612 So.2d 1273 (Ala.Cr.App.1992).
Section 12-21-137, Code of Alabama 1975, states in part as follows:
“The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him.... ”
See also Ala. Const. 1901, Article I, § 6.
“[Cjross-examining counsel ⅛ given wide latitude to reveal any bias on the part of a witness.’ Where the witness’ testimony is importantly adverse to the party against whom he is called, the trial court has very little discretion, if any, to disallow proof of an important fact indicating bias.”
C. Gamble, McElroy’s Alabama Evidence, § 149.01(2) (4th ed. 1991).
Here, Arrington may have been motivated to testify against the appellant because of a deal he may have made with the prosecution; therefore, the appellant should have been allowed full and searching cross-examination of Arrington. The trial court erred to reversal in denying the appellant the right to cross-examine the witness on this issue.
For the foregoing reasons, the judgment in this cause is reversed and the case remanded to the Circuit Court for Jefferson County for *41 further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).