I disagree with the statement in Part II of the majority's opinion that the extent of cross-examination is discretionary with the trial judge and that a judgment based on the judge's exercise of that discretion will not be reversed absent a showing of abuse. The scope of cross-examination is not merely a matter to be left to the sound discretion of the trial judge, as some cases may seem to say, but is a matter controlled by law. C. Gamble, McElroy's Alabama Evidence § 136.01 (4th ed. 1991). See Hammock v. State, 612 So.2d 545 (Ala.Cr.App. 1992);Scott v. City of Guntersville, 612 So.2d 1273 (Ala.Cr.App. 1992).
Section 12-21-137, Code of Alabama 1975, states, in pertinent part:
 "The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him. . . ."
See also Ala. Const. 1901, Article I, § 6:
 "[T]he cross-examining party has the absolute right on cross-examination, not only to inquire as to matters relevant to the issues . . . but also to inquire into the conduct and circumstances of the witness which have measurable bearing upon his credibility. This right to a party to have thorough and sifting cross-examination is provided by statute." *Page 1283 
C. Gamble, McElroy's Alabama Evidence § 136.01 (4th ed. 1991).
Although I disagree with the statement of the majority characterizing the extent of cross-examination as completely within the discretion of the trial court, I agree with the result reached by the majority.