TAYLOR, Presiding Judge,
concurring in result only.
I concur only in the result reached by the majority in its unpublished memorandum in this case. I do not agree with the majority’s characterization of cross-examination as completely within the discretion of the trial judge. I do not believe that the law of evidence has deteriorated into a matter to be left to the court’s discretion.
The scope of cross-examination is not merely a matter of the “sound discretion of the trial judge,” as some eases seem to say, but is controlled by law. C. Gamble, McElroy’s Alabama Evidence, § 136.01 (4th ed.1991). See Scott v. City of Guntersville, 612 So.2d 1273 (Ala.Cr.App.1992); and Hammock v. State, 612 So.2d 545 (Ala.Cr.App.1992).
Section 12-21-137, Code of Alabama 1975, states, in pertinent part:
“The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him.”
*964 See also Ala. Const.1901, Article I, § 6, which states:
“... [T]he cross-examining party has the absolute right on cross-examination, not only to inquire as to matters relevant to the issues ... but also to inquire into the conduct and circumstances of the witness which have measurable bearing upon his credibility. This right to a party to have thorough and sifting cross-examination is provided by statute.”
C. Gamble, McElroy’s Alabama Evidence § 136.01 (4th ed. 1991).
Although I disagree with the above statement made by the majority, characterizing cross-examination as being solely within the discretion of the trial court, I agree with the result reached by the majority. Any error here that may have occurred was harmless.