TAYLOR, Presiding Judge,
concurring in result only.
I concur in the result reached by the majority in its unpublished memorandum. However, I do not agree with the majority’s characterization of the scope of cross-examination as a right that is within the discretion of the trial judge. I do not believe that the law of evidence has deteriorated to the point that evidentiary matters are matters of the court’s discretion.
Section 12-21-137, Code of Alabama 1975, states, in pertinent part:
“The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him....” Ala. Const.1901, Article I, § 6, states:
“In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.”
McElroy’s Alabama Evidence states the following about the right of cross-examination:
“[T]he cross-examining party has the absolute right on cross-examination, not only to inquire as to matters relevant to the issues ... but also to inquire into the conduct and circumstances of the witness which have measurable bearing upon his credibility. This right to a party to have thorough and sifting cross-examination is provided by statute.”
C. Gamble, McElroy’s Alabama Evidence § 136.01 (4th ed. 1991).
The scope of cross-examination is not merely a matter left to the sound discretion of the trial judge as some cases may seem to say, but is controlled by law. C. Gamble, McElroy’s Alabama Evidence, § 136.01 (4th ed. 1991). See Scott v. City of Guntersville, 612 So.2d 1273 (Ala.Cr.App.1992); Hammock v. State, 612 So.2d 545 (Ala.Cr.App.1992). The United States Supreme Court in Pointer v. Texas, 380 U.S. 400, 404, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965), characterized the right to cross-examination as follows:
“It cannot seriously be doubted at this late date that the right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him.... This Court in Kirby v. United States, 174 U.S. 47, 55, 56,19 S.Ct. 574, 577, 43 L.Ed. 890, referred to the right of confrontation as ‘[o]ne of the fundamental guaranties of life and liberty,’ and ‘a right long deemed so essential for the due protection of life and liberty that it is guarded against legislative and judicial action by provisions in the constitution of the United States and in the constitutions of most, if not of all, the states composing the Union.’ Mr. Justice Stone, writing for this Court in Alford v. United States, 282 U.S. 687, 692, 51 S.Ct. 218, 219, 75 L.Ed. 624, declared that the right of cross-examination is ‘one of the safeguards essential to a fair trial.’ ”
See also Parker v. Gladden, 385 U.S. 363, 87 S.Ct. 468,17 L.Ed.2d 420 (1966).
Although I disagree with the majority’s characterization of cross-examination as being solely within the discretion of the trial court, I agree with the result.