TAYLOR, Presiding Judge.
The appellant, Calvin Hampton, was convicted of two counts of unlawfully distributing a controlled substance, a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to 20 years and 1 day in the state penitentiary on each count, those sentences to be served concurrently..
The state’s evidence tended to show that on two separate occasions, on the afternoon of February 22, 1995, Officer Randy Lee of the Florence Police Department purchased cocaine from the appellant. Lee testified that he and Michael McCrary, a confidential informant, approached the appellant at his apartment at 1111-B Carver Homes Apartments. McCrary told the appellant, “Hey, this is my.partner right here, you know. You want to hook him up?” Lee stated that the appellant then sold him “a 20-slab” of crack cocaine.
Officer Lee testified that he and McCrary saw the appellant approximately two hours later sitting in his Buick Electra automobile parked at Jennie’s Market. The appellant motioned for him and McCrary to come over. The appellant asked if they needed anything else. Lee testified that they followed him to 1111-B Carver Homes and that once there he purchased another “20-slab” of crack cocaine from the appellant.
The appellant’s only contention on appeal is that the trial court erred by limiting his cross-examination of the confidential informant, Michael McCrary. Specifically, the appellant wanted to question McCrary about a prior charge of theft of property and a pending charge for misdemeanor theft of property. McCrary had also written some cheeks for which he had insufficient funds that defense counsel wanted to question him about. The appellant contends that his right to confront witnesses was violated because, he says, the jury should have been allowed to *274 hear all the information concerning McCrary’s potential bias in favor of the state. The following occurred during the cross-examination of Michael McCrary:
“Q [Defense counsel]: Now, have you been in some trouble since you’ve been in Lauderdale County with the law?
“Mr. Jones [prosecutor]: Now, wait a minute. We’re going to object to that and ask to approach the bench.
“The Court: Come up.
“(Bench conference off the record, out of the hearing of the jury.)
[[Image here]]
“Mr. Jones: For the record, the State will stipulate ... that the witness Michael McCrary was charged with a theft of property in the City of Huntsville in 1993, which was nolle prossed. The State will further stipulate for purposes of the record that Mr. McCrary is paying off one or more bad checks through the bad check unit, but he had not been arrested or convicted of any offense associated with those bad checks. The State will further stipulate for the record that Mr. McCrary has been charged but has not been convicted of a misdemeanor theft of property through the city court of the City of Florence, said charge still being pending before that court.
“For the record the Huntsville conviction will be marked by the defendant as Defendant’s Exhibit A for the Court’s record. The State objects to Ms. Darby being allowed to go into any of these matters before the jury.
“Ms. Darby [defense counsel]: It’s the defendant’s position that this information is relevant and material and should be allowed before the jury on the issue of bias, and we ask that the Court grant our motion to continue asking Mr. McCrary about these events.
“The Court: I’m granting your motion. The motion is granted.
“Ms. Darby: And we except for purposes of the appeal.”
Article I, § 6, of the Alabama Constitution of 1901, states:
“That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either; to demand the nature and cause of the accusation; and to have a copy thereof; to be confronted by the witnesses against him; to have compulsory process for obtaining witnesses in his favor; to testify in all cases, in his own behalf, if he elects so to do; and, in all prosecutions by indictment, a speedy, public trial, by an impartial jury of the county or district in which the offense was committed; and he shall not be compelled to give evidence against himself, nor be deprived of life, liberty, or property, except by due process of law; but the legislature may, by a general law, provide for a change of venue at the instance of the defendant in all prosecutions by indictment, and such change of venue, on application of the defendant, may be heard and determined without the personal presence of the defendant so applying therefor; provided, that at the time of the application for the change of venue, the defendant is imprisoned in jail or some legal place of confinement.”
The right to a thorough cross-examination is codified in § 12-21-137, Code of Alabama 1975, which states:
“The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him.”
The Alabama Rules of Evidence, effective January 1, 1996, specifically address the right of cross-examination in Rule 611(b), which states:
“The right to cross-examine a witness extends to any matter relevant to any issue and to matters affecting the credibility of the witness.”
McElroy’s Alabama Evidence states the following about cross-examination:
“[T]he cross-examining party has the absolute right on cross-examination, not only to inquire as to matters relevant to the issues ... but also to inquire into the conduct and circumstances .of the witnesses which have measurable bearing upon his credibility. This right to a party to have thorough *275 and sifting cross-examination is provided by statute.
C. Gamble, McElroy’s Alabama Evidence, § 136.01 (4th ed. 1991).
The scope of cross-examination is a right controlled by law. C. Gamble, McElroy’s Alabama Evidence, § 136.01 (4th ed. 1991). See Hammock v. State, 612 So.2d 545 (Ala.Cr.App.1992); Scott v. City of Guntersville, 612 So.2d 1273 (Ala.Cr.App.1992).
As the United States Supreme Court stated in Alford v. United States, 282 U.S. 687, 691-92, 51 S.Ct. 218, 219, 75 L.Ed. 624 (1931):
“Cross-examination of a witness is a matter of right. The Ottawa, 3 Wall. 268, 271, 18 L.Ed. 165. Its permissible purposes, among others, are that the witness may be identified with his community so that independent testimony may be sought and offered of his reputation for veracity in his own neighborhood ...; that the jury may interpret his testimony in the light reflected upon it by knowledge of his environment ...; and that facts may be brought out tending to discredit the witness by showing that his testimony in chief was untrue or biased....
“Counsel often cannot know in advance what pertinent facts may be elicited on cross-examination. For that reason it is necessarily exploratory; and the rule that the examiner must indicate the purpose of his inquiry does not, in general, apply. Knapp v. Wing, 72 Vt. 334, 340, 47 A. 1075; Martin v. Elden, 32 Ohio St. 282, 289. It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he is unable to state to the court what facts a reasonable cross-examination might develop. Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them.”
The United States Supreme Court in Davis v. Alaska, 415 U.S. 308, 316-17, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974), further characterized the right to cross-examination as follows:
“Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness’ story to test the witness’ perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit, the witness. One way of discrediting the witness is to introduce evidence of a prior criminal conviction of that witness. By so doing the cross-examiner intends to afford the jury a basis to infer that the witness’ character is such that he would be less likely than the average trustworthy citizen to be truthful in his testimony. The introduction of evidence of a prior crime is thus a general attack on the credibility of the witness. A more particular attack on the witness’ credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is ‘always relevant as discrediting the witness and affecting the weight of his testimony.’ 3A J. Wigmore, Evidence § 940, p. 775 (Chad-bourn rev. 1970). We have recognized that the exposure of a witness’ motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. Greene v. McElroy, 360 U.S. 474, 496, 79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377 (1959).”
The court erred in denying the appellant his right to a thorough cross-examination of the informant. This court recently reversed the judgment in a similar case because the appellant was denied his right to a thorough cross-examination of a state’s witness. Rincher v. State, 632 So.2d 37 (Ala.Cr.App.1993), writ denied, 632 So.2d 41 (Ala.1994).
We cannot say that the error was harmless under Rule 45, Ala.R.App.P., or under the United States Supreme Court’s decision in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The appellant *276 was denied his basic constitutional right to confront the witnesses against him.
For the foregoing reasons, the judgment is reversed and the cause remanded to the Circuit Court for Lauderdale County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.