COBB, Judge,
dissenting, from unpublished memorandum.
I respectfully dissent from the majority’s holding in its unpublished memorandum that the trial court did not err by “refusing to allow the appellant to impeach the State’s confidential informant regarding the informant’s alleged involvement in a burglary that had, he says, been ignored by the Florence police and regarding whether the informant had received preferential treatment” in the prosecution of that offense.
In Hampton v. State, 681 So.2d 273 (Ala.Crim.App.1996), this court, quoting the United States Supreme Court in Davis v. Alaska, 415 U.S. 308, 316-17, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974), stated:
“Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness’ story to test the witness’ perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit, the witness. One way of discrediting the witness is to introduce evidence of a prior criminal conviction of that witness. By so doing the cross-examiner intends to afford the jury a basis [from which] to infer that the witness’ character is such that he would be less likely than the average trustworthy citizen to be truthful in his testimony. The introduction of evidence of a prior crime is thus a general attack on the credibility of the witness. A more particular attack on the witness’ credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is ‘always relevant as discrediting the witness and affecting the weight of his testimony.’ 3A J. Wigmore, Evidence § 940, p. 775 (Chadbourn rev. 1970). We have recognized that the exposure of a witness’ motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. Greene v. McElroy, 360 U.S. 474, 496, 79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377 (1959).”
681 So.2d at 275.
I believe the trial court erred by limiting the appellant’s right to inquire into the bias of the informant in this case. See, also, Starks v. State, 594 So.2d 187 (Ala.Crim.App.1991); Allen v. State, 611 So.2d 1152 (Ala.Crim.App.1992). Therefore, I must dissent.