93 So.2d 808

Hamilton Green **JACKSON**

**v.**

**STATE** of Alabama.

6 Div. 75.

Supreme Court of Alabama.

March 21, 1957.

Ward & Ward and deGraffenried, deGraffenried & deGraffenried, Tuscaloosa, for appellant.

John Patterson, Atty. Gen., and J. Noel Baker, Asst. Atty. Gen., opposed.

COLEMAN, Justice.

Petitioner, Hamilton Green Jackson, tried on an indictment charging first degree murder, was convicted of manslaughter in the second degree. He appealed to the Court of Appeals, where the judgment was affirmed, and now applies for certiorari.

The petition specifies four grounds. The first ground is that the Court of Appeals erred in affirming the action of the trial court in refusing requested charge, A-1, which is as follows:

"I charge you, Gentlemen of the Jury, that unless you are convinced by the evidence beyond a reasonable doubt that the killing was not the result of a mere accident you cannot convict the defendant."

The opinion of the Court of Appeals shows that petitioner, Jackson, on the trial below presented evidence tending to show that the shooting of his wife occurred in a scuffle over a pistol. The scuffle appears to have originated by Jackson holding a pistol in his hand and telling his wife to fix his breakfast or he would beat her head with the pistol. The wife grabbed the gun and in the ensuing scuffle the pistol fired.

For a case where defendant contended for facts much like the instant case, see Davis v. State, 209 Ala. 409, 96 So. 187, 188. There the defendant contended that his wife had attempted to take from his hands a weapon he had carried to the scene; and that in the scuffle which ensued, the weapon was accidentally discharged.

With reference to charges refused in the Davis case, this court said:

"* * * Conceding that defendant engaged in a lawful act when in these circumstances, to use his language, he 'tussled with her over the pistol,' the jury were authorized to convict him of impropriety or negligence therein, and so, in keeping with accepted definitions, to find him guilty of involuntary manslaughter. Charges 8, 9, 18, and 19, then, were properly refused to defendant because, ignoring this possible solution of the facts, they predicated an acquittal of any offense on a finding that defendant, engaged in the performance of a lawful act, shot deceased without intention, *or even that the shooting was accidental, without more.*" (Emphasis supplied.)

In his oral charge in the instant case, the trial judge charged the jury fairly and correctly on the law of manslaughter in the second degree, and as to the guilt of defendant if the shooting was accidental.

Charge A-1 fails to define the meaning of accident as applied to manslaughter in the second degree, and was correctly refused in this case.

Petitioner's second ground is that the Court of Appeals erred in affirming trial court's action in refusing requested Charge No. 1, which is as follows:

"The Court charges the Jury that the fact that Hamilton Green Jackson, the defendant, is accused of murder, and the fact that the Grand Jury found an indictment against him in this case, are not facts or circumstances to which you are allowed to look in this case in considering the case, and I charge you that the indictment is neither a circumstance in law or fact showing or tend-

ing to show that the defendant is guilty of the charge."

The Court of Appeals correctly held, on authorities cited in opinion of that court, that this charge is argument and its refusal is not reversible error.

For a charge correctly stating that the indictment is not evidence, see Jones v. State, 260 Ala. 341, 70 So.2d 629. There it was said Charge 5 could very properly have been given, Charge 5 being as follows:

"'5. I charge you, Gentlemen of the Jury, that the indictment against the defendants is not evidence of their guilt.'"

In the Jones case, however, refusal to give that charge was held not to be error to reverse.

Grounds 3 and 4 in petition for certiorari are not argued in the brief accompanying that petition. Those points will not be reviewed here under Supreme Court Rule 39 (old Rule 44), Title 7, Pocket Part, Code 1940, effective June 1, 1955. (261 Ala. XXXIV). Bradford v. Harris, 251 Ala. 386, 37 So.2d 677; Walker v. Ingram, 251 Ala. 395, 37 So.2d 685; Atlantic Coast Line R. Co. v. Vise, 262 Ala. 329, 78 So.2d 661.

Writ denied.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.