Torrey Twane McNabb sought certiorari review of the judgment of the Court of Criminal Appeals affirming his convictions and sentence for capital murder and attempted murder. We granted his petition to review whether the trial court erred in giving the jury instructions in the sentencing phase of his capital-murder trial. We affirm.
The underlying facts of this case are fully set forth in the opinion of the Court of Criminal Appeals, McNabb v. State, [Ms. CR-98-0967, October 26, 2001] 887 So.2d 929, 939 (Ala.Crim.App. 2001), and need not be repeated. McNabb was convicted on January 8, 1999, in the Montgomery Circuit Court on two counts of capital murder for the murder of Montgomery Police Officer Anderson Gordon. *Page 1000 
The murder was made capital by Ala. Code 1975, § 13A-5-40(a)(5), which makes capital the "[m]urder of any police officer . . . while such officer . . . is on duty, regardless of whether the defendant knew or should have known the victim was an officer . . . on duty, or because of some official or job-related act or performance of such officer," and § 13A-5-40(a)(17), which makes capital "[m]urder committed by or through the use of a deadly weapon while the victim is in a vehicle."
By a vote of 10 to 2, the jury recommended a sentence of death. The trial court accepted the jury's recommendation, and sentenced McNabb to death. The Court of Criminal Appeals affirmed the convictions and sentence.
McNabb challenges the jury instructions given during the sentencing phase of his trial. The court bifurcated the jury charge at the sentencing phase, giving instructions both before the presentation of evidence and after closing arguments. McNabb did not object to the timing or the content of the instructions.
The court gave the following pertinent instructions at the beginning of the sentencing phase:
 "The law of this state provides that the punishment for the capital offenses for which you have convicted this defendant, is either death by electrocution or life imprisonment without the eligibility of parole. The law also provides that which of those two punishments should be imposed upon the defendant depends on whether any aggravating circumstances exist; and if so, whether the aggravating circumstances outweigh the mitigating circumstances.
 "An aggravating circumstance is a circumstance specified by law which indicates or tends to indicate that the defendant should be sentenced to death. A mitigating circumstance is any circumstance that indicates or tends to indicate that the defendant should be sentenced to life imprisonment without parole instead of death. The issue of this sentence hearing concerns circumstances of aggravation and circumstances of mitigation that you should consider and weigh against each other in deciding what the proper punishment is in this case.
 "In making your recommendation concerning what the punishment should be, you must determine whether any aggravating circumstance exists; and if so, you must determine whether any mitigating circumstance of circumstances exist. . . . The law of this state provides a list of aggravating circumstances which may be considered by the jury recommending punishment if the jury is convinced beyond a reasonable doubt from the evidence that one or any of such aggravating circumstances exist in this case. The same instructions that I gave to you during the guilt phase concerning reasonable doubt [apply] to this matter also.
 "If the jury is not convinced beyond a reasonable doubt based upon the evidence that one or more aggravating circumstances exist, then the jury must recommend that the defendant's punishment be life imprisonment without parole regardless of whether there are any mitigating circumstances in the case. Of the list of aggravating circumstances provided by law, there are three circumstances which you may consider in this case if you are convinced beyond a reasonable doubt based on the evidence that such circumstances do exist. The fact that I instructed you on such aggravating circumstances or defined them for you does not mean that the circumstances or any other aggravating circumstances have been proven beyond a *Page 1001 
reasonable doubt in this matter. Whether any aggravating circumstance which I've instructed you on or have defined for you have been proven beyond a reasonable doubt . . . is for you the jury, alone, to determine.
 "The aggravating circumstances which you may consider in this case if you find from the evidence that they have been proven beyond a reasonable doubt are as follows:
 "Aggravating Circumstances. [One, t]he defendant knowingly created a great risk of death to many persons. Two, the capital offense was committed for the purpose of avoiding or preventing a lawful arrest. Three, the capital offense was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of laws.
 "Now, as I stated to you before, the burden of proof is on the State to convince each of you beyond a reasonable doubt as to the existence of any aggravating circumstance considered by you in determining what punishment is to be recommended in this case. This means that before you can even consider recommending that the defendant's punishment should be death, each and every one of you must be convinced beyond a reasonable doubt based on the evidence that at least one or more of the aggravating circumstances exist. . . .
 ". . . You may not consider any aggravating circumstance other than the three aggravating circumstances upon which I have instructed you. And you may not consider an aggravating circumstance unless you are convinced by the evidence beyond a reasonable doubt of the existence of that aggravating circumstance in this case. If you should find that no aggravating circumstance has been proved beyond a reasonable doubt to exist in this case, then you must return a verdict recommending that the defendant's punishment be life imprisonment without parole. In that event, you need not concern yourself with the mitigating circumstances in this case. If you find beyond a reasonable doubt that one or more of the aggravating circumstances on which I instructed you does exist in this case, then you must proceed to consider and determine the mitigating circumstances. . . .
". . . .
 "Now, ladies and gentlemen, if, after a full and fair consideration of all of the evidence in the case, you are convinced beyond a reasonable doubt that at least one aggravating circumstance does exist and you are convinced that the aggravating circumstance outweighs the mitigating circumstances, then your verdict would be: `We, the jury, recommend that the defendant be punished by death, and the vote is as follows. . . . However, if after a full and fair consideration of all of the evidence in the case, you determine that the mitigating circumstances outweigh any aggravating circumstance or circumstances that exist, or you are not convinced beyond a reasonable doubt that at least one aggravating circumstance does exist, your verdict should be to recommend the punishment of life imprisonment without parole. . . ."
(Emphasis added.)
After the presentation of evidence and closing arguments, the trial court gave a "supplemental" jury charge, stating, in pertinent part:
 "I charge you, also, unlike aggravation, you are not required to unanimously agree in order to consider evidence mitigating. Instead, each of you must independently consider any evidence or mitigating circumstance and determine the *Page 1002 
weight that is to be accorded. You may not exclude mitigating circumstances from your consideration simply because as a jury, you do not unanimously agree about one circumstance or a combination of circumstances."
Because McNabb did not object to the instructions, they are reviewed for "plain error," that is, an error "`that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."'" Ex parte Davis, 718 So.2d 1166,1173-74 (Ala. 1998) (quoting Kuenzel v. State, 577 So.2d 474
(Ala.Crim.App. 1990), quoting in turn United States v. Young,470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)).
McNabb challenges the jury instructions on three grounds. First, he argues that they "ran afoul of Ala. Code § 13A-5-46 as interpreted . . . in Ex parte Bryant, [Ms. 1990901, June 21, 2002] ___ So.2d ___ (Ala. 2002)," by erroneously suggesting to the jury that it could not recommend life imprisonment as a sentence "unless the mitigating circumstances outweighed the aggravating circumstances." McNabb's brief, at 30 (emphasis added). Second, he contends that the instructions did not ensure that all 12 jurors found the existence of any one of the three aggravating factors on which the trial court based its sentence. Consequently, he insists, the sentence did not comply with Ringv. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556
(2002). Third, he argues that it was plain error to bifurcate the jury instructions by charging the jury both before and after the presentation of evidence and closing arguments. We first address the manner in which the jury was instructed to weigh the aggravating and mitigating circumstances.
 I. Weighing the Aggravating and Mitigating Circumstances
McNabb contends that the court's instructions did not ensure that the jury weighed the aggravating circumstances and the mitigating circumstances in a manner consistent with § 13A-5-46, as recently interpreted in Bryant. Bryant, however, is distinguishable.
In that case, the Court explained:
 "Section 13A-5-46, Ala. Code 1975, requires the jury to find that the aggravating circumstances outweigh the mitigating circumstances before the jury can recommend a sentence of death:
 "`(d) After hearing the evidence and the arguments of both parties at the sentence hearing, the jury shall be instructed on its function and on the relevant law by the trial judge. The jury shall then retire to deliberate concerning the advisory verdict it is to return.
 "`(e) After deliberation, the jury shall return an advisory verdict as follows:
"`. . . .
 "`(2) If the jury determines that one or more aggravating circumstances as defined in Section 13A-5-49 exist but do not outweigh the mitigating circumstances, it shall return an advisory verdict recommending to the trial court that the penalty be life imprisonment without parole;
 "`(3) If the jury determines that one or more aggravating circumstances as defined in Section 13A-5-49 exist and that they outweigh the mitigating circumstances, if any, it shall return an advisory verdict recommending to the trial court that the penalty be death.' (Emphasis added.)
 "This statutory law entitles a defendant to a recommendation of life imprisonment without parole even if the mitigating circumstances do not outweigh the aggravating circumstances, if the mitigating circumstances at least equal the aggravating circumstances. In other *Page 1003 
words, of the three possibilities — that the mitigating circumstances outweigh the aggravating circumstances, that the mitigating circumstances only equal the aggravating circumstances in weight, or that the aggravating circumstances outweigh the mitigating circumstances — only the third — that the aggravating circumstances outweigh the mitigating circumstances — will allow a death penalty recommendation."
___ So.2d at ___.
In Bryant, the jury was instructed, in pertinent part:
 "`Later you will hear argued to you possibly and later on I will explain to you that your consideration will be: Do the aggravating circumstances, that is those matters put on by the State in support of the death penalty, outweigh the mitigating circumstances, that is those matters put on by the defense opposing the death penalty, or not?'
". . . .
 "`The law provides further that whether life without parole or the death penalty is imposed depends on whether the State proves beyond a reasonable doubt one or more aggravating circumstances to exist. And if so, that those — that that aggravating circumstance or circumstances outweigh the mitigating circumstances.'
". . . .
 "`In recommending punishment, you must determine whether any aggravating circumstances exist in the first place. If you determine that one or more aggravating circumstances exist, then you must consider whether those aggravating circumstances are outweighed by the mitigating circumstances.
"`. . . .
 "`In this case, the State has raised two aggravating circumstances for you to consider from that list of statutory ones. And if you find that one or more of them does exist, then you would consider whether the mitigating circumstances outweigh those that are — those aggravating circumstances raised by the State.
"`. . . .
 "`If you find that the State has failed to prove any of these aggravating circumstances beyond a reasonable doubt, then your verdict would be life without parole. In that event, you would not even consider the mitigating circumstances.
 "`On the other hand, if you find that the State has proved an aggravating circumstance beyond a reasonable doubt, then you would consider whether the mitigating circumstances outweigh them.'"
___ So.2d at ___.
To this point, the charge in Bryant is similar to the one given in this case. Neither charge instructed the jury as to what sentence to recommend if it found that the mitigating circumstances and the aggravating circumstances were equally balanced. However, the court in Bryant further charged the jury:
 "`I charge you, members of the jury, that if you do not find that an alleged aggravating circumstance was proved, that does not automatically or necessarily mean that you should sentence Mr. Bryant to death by electrocution, instead such a finding only means that you must consider other factors, more specifically mitigating circumstances, before deciding whether a sentence of life in prison or death by electrocution is present.'"
Id. at ___.
This Court held that the trial court's instructions, taken as a whole, constituted plain error, explaining: *Page 1004 
 "In the case now before us, the jury instructions erroneously allow the conclusion that the death penalty is appropriate even if the aggravating circumstances do not outweigh the mitigating circumstances so long as the mitigating circumstances do not outweigh the aggravating circumstances. The trial judge in this case did not add the caveat which sufficed in [Ex parte] Trawick, [698 So.2d 162 (Ala. 1997)], that the jury was to `recommend the death penalty only if [the jury] found that the aggravating circumstances outweighed the mitigating circumstances.' Trawick, 698 So.2d at 173. Indeed, at the end of the instructions on this topic, the trial judge implicitly told the jury that it might recommend death even if the jury did not find an aggravating circumstance at all: `if you do not find that an alleged aggravating circumstance was proved, that does not automatically or necessarily mean that you should sentence Mr. Bryant to death. . . .' (R. 1103, quoted supra.) (Emphasis added [in Bryant].)
 "No other instructions by the trial court and no other feature of the record instills us with any confidence that the jury did not, within the parameters of the erroneous instructions, base the death penalty recommendation on a finding that the mitigating circumstances did not outweigh the aggravating circumstances even though the mitigating circumstances did equal the aggravating circumstances. Such a recommendation would be contrary to § 13A-5-46(e). Therefore, the erroneous jury instructions on the topic of weighing the aggravating circumstances and the mitigating circumstances constitute plain error."
Id. at ___.
The charge in this case was not infected with the peculiar error present in Bryant, that is, the jury in this case was not invited to recommend a sentence of death without finding any aggravating circumstance. It was that invitation in Bryant that caused the error in that case to rise to the level of plain error, rather than error reversible only by a proper objection. Thus, in this case, although the court did not specifically instruct the jury what to do if it found the mitigating and aggravating circumstances equally balanced, we cannot conclude, considering the charge in its entirety, that the error "seriously affect[ed] the fairness, integrity or public reputation of [these] judicial proceedings," Ex parte Davis, 718 So.2d at 1173-74, so as to require a reversal of the sentence.
 II. Unanimity
At the end of the guilt phase of the trial, the jury found McNabb guilty of murder made capital because the victim (1) was an on-duty police officer, § 13A-5-40(a)(5), Ala. Code 1975, and (2) was slain with a deadly weapon while the victim was occupying a vehicle, § 13A-5-40(a)(17). At the end of the sentencing phase, the trial court further found the existence of three aggravating circumstances set forth in Ala. Code 1975, § 13A-5-49, namely, (1) that "[t]he defendant knowingly created a great risk of death to many persons," § 13A-5-49(3); (2) that "[t]he capital offense was committed for the purpose of avoiding or preventing a lawful arrest," § 13A-5-49(5); and (3) that "[t]he capital offense was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of laws," § 13A-5-49(7).
In Ring v. Arizona, 536 U.S. at 609, 122 S.Ct. 2428, the Court held that the Sixth Amendment does not permit a "sentencing judge, sitting without a jury, to find an aggravating circumstance necessary for the imposition of the death penalty." *Page 1005 
McNabb contends — correctly — that, despite his conviction for capital murder, he could not have been sentenced to death unless at least one of the aggravating circumstances set forth in §13A-5-49 was found by the jury to exist beyond a reasonable doubt. See Ala. Code 1975, §§ 13A-5-45(f) and13A-5-45(e).[1] McNabb concedes that the jury was instructed to make a unanimous finding as to whether any of the three aggravating circumstances ultimately found to exist by the trial judge existed. He insists, however, that the trial court committed plain error in failing to instruct the jury expressly that it must unanimously find the existence of the same
aggravating circumstance. This failure, he contends, created the danger that less than all of the jurors found the existence ofany one aggravating circumstance. If that occurred, he argues, then his death sentence is based on factors never found by thejury, and violates the rule set forth in Ring.[2] We find no merit in this argument. The instructions contained a number of premises that, when considered as a whole, apprised the jury of the proper unanimity requirement.
First, the jury was charged that it could not consider a recommendation of death unless it first found the existence of at least one of the statutory aggravating circumstances. Specifically, the trial court stated: "[B]efore you can evenconsider recommending that the defendant's punishment should be death, each and every one of you must be convinced beyond a reasonable doubt based on the evidence that at least one . . . of the [three statutory] aggravating circumstances exist." (Emphasis added.)
Second, the court explained that one finding could be made byjurors, individually, while another could be made only by thejury as a unit. Specifically, the court stated:
 "The law of this state provides a list of aggravating circumstances which may be considered by the jury
[as a unit] recommending punishment if the jury [as a unit] is convinced beyond a reasonable doubt from the evidence that one or any of such aggravating circumstances exist in this case. . . .
 "If the jury [as a unit] is not convinced beyond a reasonable doubt based upon the evidence that one or more aggravating circumstances exist, then the jury
[as a unit] must recommend that the defendant's punishment be life imprisonment without parole regardless of whether there are any mitigating circumstances in the case."
(Emphasis added.) The distinction between "the jury" and "jurors" was more clearly expressed in the "supplemental" instruction given at the end of the penalty phase, which contrasted the jury's duty as to the weight to be accorded the mitigating circumstances. The court explained, in pertinent part:
 "I charge you, also, unlike aggravation, you are not required to unanimously agree in order to consider evidence mitigating. Instead, each of you
must independently consider any evidence or mitigating circumstance and determine *Page 1006 
the weight that is to be accorded. You may not exclude mitigating circumstances from your consideration simply because as a jury, you do not unanimously agree about one circumstance or a combination of circumstances."
(Emphasis added.) This portion of the charge clearly put the jury on notice that unanimity was not required for a finding thatmitigating circumstances existed, but was required for a finding that aggravating circumstances existed. In other words, the jury was informed that it must — as a unit — unanimously
find the existence of any aggravating circumstance it considered in arriving at a recommended sentence.
The jury's unanimous finding of one aggravating circumstance is sufficient to satisfy Ring. Ex parte Waldrop, 859 So.2d 1181,1188 (Ala. 2002) ("Only one aggravating circumstance must exist in order to impose a sentence of death."). Consequently, the court's instruction as to the unanimity required for a finding of aggravating circumstances does not constitute plain error.
 III. Bifurcated Charge
McNabb contends that the court committed plain error in giving a portion of its jury charge at the beginning of the sentencing phase. He relies on Ala. Code 1975, § 13A-5-46(d), which provides: "After hearing the evidence and the arguments of both parties at the sentence hearing, the jury shall be instructed on its function and on the relevant law by the trial judge. The jury shall then retire to deliberate concerning the advisory verdict it is to return." However, the statute does not prohibit a bifurcation, that is, the giving of a charge both before and after the presentation of evidence and closing arguments.
Moreover, Ala. R.Crim. P. 21.1, as amended effective March 1, 2001, provides, in part:
 "The court shall inform counsel of its proposed action upon the requests before counsel's argument to the jury, but the court shall instruct the jury after the arguments are completed. However, in the sentencing phase of the trial of a capital case, the court may, in its discretion, instruct the jury at the beginning of the proceeding. If the trial court elects to do so, it shall not be required to instruct the jury again after the arguments are completed, but it may if the court believes the interest of justice so requires."
(Emphasis added.) It does not compromise the "integrity or public reputation of judicial proceedings" to charge the jury at the beginning of the sentencing phase, where the timing is now expressly authorized by a rule promulgated by this Court. Consequently, the trial court did not commit plain error in bifurcating its instructions during the sentencing phase of McNabb's trial.
In summary, we find no plain error in the sentencing phase of McNabb's trial. Consequently, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, and STUART, JJ., concur.
HARWOOD, J., concurs specially.
[1] The Court of Criminal Appeals correctly concluded that none of the three aggravating circumstances found by the trial judge were encompassed within the jury's guilt-phase verdict. McNabbv. State, [Ms. CR 98-0967, April 25, 2003] 887 So.2d 929, 939
(Ala.Crim.App. 2001) (opinion on application for rehearing on return to remand).
[2] McNabb concedes that each juror must have found the existence of at least one of the three aggravating circumstances, but he contends that it is unclear whether all jurors ultimately agreed on the existence of the same aggravating circumstance.