On Return to Remand

SHAW, Judge.
On August 31, 2007, this Court affirmed Woods’s convictions for four counts of capital murder for his involvement in the shooting deaths of Birmingham police officers Carlos Owen, Harley A. Chisolm III, and Charles R. Bennett; however, we remanded this case for the trial court “to amend its sentencing order to clarify its findings regarding the nonstatutory mitigating circumstances,” see § 13A-5-52 and § 13A-5-47(d), Ala.Code 1975, and, if necessary, to reweigh the aggravating and mitigating circumstances and resentence Woods. Woods v. State, 13 So.3d 1, 40 (Ala.Crim.App.2007). The trial court has complied with our instructions and has submitted on remand an amendment to its sentencing order that satisfies the statutory requirements.
*41 In our original opinion, in accordance ■with Rule 45A, Ala.R.App.P., we examined the record for any plain error with respect to Woods’s capital-murder convictions and found no plain error or defect in the proceedings during the guilt phase of the trial. We have now reviewed Woods’s sentence in accordance with § 13A-5-53, Ala.Code 1975, which requires that, in addition to reviewing the case for any error involving Woods’s capital-murder convictions, we shall also review the propriety of the death sentence. This review shall include our determination of the following: (1) whether any error adversely affecting the rights of the defendant occurred in the sentence proceedings; (2) whether the trial court’s findings concerning the aggravating and mitigating circumstances were supported by the evidence; and (3) whether death is the appropriate sentence in this case. Section 13A-5-53(b) requires that, in determining whether death is the proper sentence, we must determine: (1) whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor; (2) whether an independent weighing by this Court of the aggravating and mitigating circumstances indicates that death is the proper sentence; and (3) whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant.
After the jury convicted Woods of the capital offenses , charged in the indictment, a separate sentencing hearing was held before the jury in accordance with §§ 13A-5-45 and -46, Ala.Code 1975. After hearing evidence concerning the aggravating and mitigating circumstances, after being properly instructed by the trial court as to the applicable law,[1] and after being correctly advised as to its function in reference to the finding of any aggravating and mitigating circumstances, the weighing of those circumstances, if appropriate, and its responsibility in reference to the return of an advisory verdict, the jury by a vote of 10-2 recommended that Woods be sentenced to death.
*42 Thereafter, the trial court held another hearing, in accordance with § 13A-5-47, Ala.Code 1975, to aid it in determining whether it would sentence Woods to life imprisonment without the possibility of parole or to death as recommended by the jury. The trial court ordered and received a written presentence investigation report, as required by § 13A-5-47(b). In its sentencing order and the amendment to that order, the trial court entered specific written findings concerning the existence or nonexistence of each aggravating circumstance enumerated in § 13A-5-49, Ala. Code 1975, each mitigating circumstance enumerated in § 13A-5-51, AJa.Code 1975, and any mitigating circumstance found to exist under § 13A-5-52, Ala.Code 1975, as well as written findings of fact summarizing the offense and Woods’s participation in it.
In the sentencing order and the amendment, the trial court found the existence of four statutory aggravating circumstances: (1) that Woods knowingly created a great risk of death to many persons in the commission of the offense, see § 13A-5-49(3), Ala.Code 1975; (2) that the offense was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody, see § 13A-5^19(5), Ala.Code 1975; (3) that the offense was committed to disrupt or hinder the lawful exercise of a government function or the enforcement of laws, see § 13A-5-49(7), Ala.Code 1975; and (4) that Woods intentionally caused the death of two or more persons by one act or pursuant to one scheme or course of conduct, see § 13A-5-49(9), Ala.Code 1975. The trial court found that no statutory mitigating circumstances existed. The trial court also heard testimony regarding Woods’s character and record and any of the circumstances of the offense that Woods offered as a basis for sentencing him to life imprisonment without the possibility of parole instead of death, see § 13A-5-52, Ala.Code 1975, and after considering the proffered evidence, the trial court found that no nonstatutory mitigating circumstances existed.
The trial court’s sentencing order and the amendment to that order reflect that, after considering all the evidence presented, the arguments of counsel, the pre-sentence report, and the advisory verdict of the jury, and after weighing the aggravating circumstances against the absence of mitigating circumstances, the trial court found that the aggravating circumstances clearly outweighed the nonexistent mitigating circumstances. Accordingly, the trial court sentenced Woods to death. The trial court’s findings concerning the aggravating circumstances and the mitigating circumstances are supported by the evidence, and we find no plain error or defect in the penalty phase of the proceedings.
Woods was convicted of intentionally causing the deaths of Carlos Owen, Harley A. Chisolm III, and Charles R. Bennett while each was on duty as a police officer, and he was convicted of intentionally causing the deaths of Carlos Owen, Harley A. Chisolm III, and Charles R. Bennett by one act or pursuant to one scheme or course of conduct by shooting them with a firearm. These offenses are defined by statute as capital offenses. See § I3A-5-40(a)(5) and (10), Ala.Code 1975. We take judicial notice that similar crimes have been punished capitally throughout the state. See, e.g., McNabb v. State, 887 So.2d 929 (Ala.Crim.App.2001), aff'd, 887 So.2d 998 (Ala.2004), and the cases cited therein dealing with the murder of a police officer; and Hyde v. State, 13 So.3d 997 (Ala.Crim.App.2007), and the cases cited therein dealing with the murder of two or more people pursuant to one act.
*43 After carefully reviewing the record of the guilt phase and of the penalty phase of Woods’s trial, we find no evidence indicating that the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor. The findings and conclusions of the trial court are amply supported by the evidence. We have independently weighed the aggravating circumstances against the absence of mitigating circumstances, and we concur in the trial court’s judgment that the aggravating circumstances clearly outweigh the nonexistent mitigating circumstances, and we agree that death is the appropriate sentence in this case. Considering the crimes committed and considering Woods, we find that the sentence of death is neither excessive nor disproportionate to the penalty imposed in similar cases.
Based on the foregoing, Woods’s sentence of death is affirmed.
AFFIRMED.
BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ„ concur.

. Although not raised by Woods at trial or in this appeal, we note that, during its charge to the jury at the penalty phase, the trial court stated that the prosecution had the burden of disproving a disputed mitigating circumstance by a preponderance of the evidence, and the court then stated: "The burden of disproving it by a preponderance of the evidence means that you are to consider that the mitigating circumstance does not exist unless taking the evidence as a whole it is more likely than not that the mitigating circumstance does not exist.” (R. 1875; emphasis added.) Immediately after it gave this instruction, however, the trial court then correctly stated: "Therefore, if there is a factual dispute over the existence of a mitigating circumstance, then you should find and consider that mitigating circumstance unless you find the evidence is such that it is more likely than not that the mitigating circumstance did not exist.” (R. 1875.) The incorrect instruction could have been a mere slip of the tongue on the part of the trial court or, perhaps, is the result of an error made by the court reporter in transcribing the court’s oral charge. The possibility of court-reporter error is supported by the fact that Woods did not object to the instruction, and that the remainder of the trial court’s jury charge is substantially similar to the Alabama Proposed Pattern Jury Instructions for Use in the Sentence Stage of Capital Cases Tried Under Act No. 81-178. " 'This Court may take notice of typographical errors which are "plainly ... self-corrective, clerical mistakefs].” Stewart v. State, 137 Ala. 33, 34 So. 818, 821 (1903). Kuenzel v. State, 577 So.2d [474, 523 (Ala.Crim.App.1990), aff’d, 577 So.2d 531 (Ala.1991) ]." Simmons v. State, 797 So.2d 1134, 1173 (Ala.Crim.App.1999) (footnote omitted). Based on our review of the court’s oral charge as a whole, we conclude that the jury was properly informed, and understood, that the burden was on the State to disprove any mitigating circumstances offered by Woods, despite the single misstatement by the trial court. Therefore, no plain error occurred as a result of this instruction.