*1083
On Second Application for Rehearing

KELLUM, Judge. ■
On August 30, 2013, this Court affirmed Everett Bernard Morton’s conviction for one count of attempted murder, see § 13A-6-2 and § 13A-4-2, Ala.Code 1975, but reversed Morton’s conviction for murder made capital because it was committed by or through the use of a deadly weapon while the victim was inside a vehicle, see § 13A-5-40(a)(17), Ala.Code 1975, on the ground that the trial court had erred in not instructing the jury on felony murder as a lesser-included offense of the capital charge. See Morton v. State, 154 So.3d 1065 (Ala.Crim.App.2013). In doing so, this Court noted that Morton had raised on appeal several additional challenges to the trial court’s jury instructions relating to the capital-murder charge but that, because we were reversing the capital conviction on another ground, those challenges did not have to be addressed. We also specifically noted that Morton did not challenge any of the trial court’s jury instructions as they related to the attempted-murder charge.
On September 13, 2013, Morton filed an application for rehearing requesting that we set aside our judgment affirming his attempted-murder conviction. Morton argues on rehearing that this Court “misapprehended” two of his arguments relating to the court’s jury instructions as relating only to the capital-murder charge when, he says, they related to both the capital-murder charge and the attempted-murder charge. Although we seriously question whether Morton’s initial brief on appeal was sufficiently clear to alert this Court that his challenges to the trial court’s jury instructions related to both the capital-murder charge and the attempted-murder charge, we nevertheless, out of an abundance of caution, address those two claims to the extent that they could arguably be construed as relating to the attempted-murder charge.
I.
First, Morton contends that the trial court erroneously instructed the jury that the intent to kill could be inferred from the acts, behavior, and circumstances proven by the State. He argues that the court’s instruction improperly created a mandatory presumption of intent to kill. Morton properly objected to the court’s instruction on this ground at the conclusion of the court’s oral charge.
In charging the jury on the elements of capital murder, the court instructed the jury that it could “infer intent from the acts, behavior, and circumstances proven in evidence that the defendant committed at the time.”[1] (R. 1379.) Although not the most artfully worded instruction, the instruction did not create a mandatory presumption that Morton possessed the requisite intent; rather, it properly conveyed to the jury the general rule that intent to kill “ ‘ “may be inferred from the character of the assault, the use of a deadly weapon and other attendant circumstances.”’” Farrior v. State, 728 So.2d 691, 695 (Ala.Crim.App.1998) (quoting Jones v. State, 591 So.2d 569, 574 (Ala. Crim.App.1991), quoting in turn Johnson v. State, 390 So.2d 1160, 1167 (Ala.Crim. App.1980)).
Morton’s reliance on Salmon v. State, 460 So.2d 334 (Ala.Crim.App.1984), is misplaced. In Salmon, the trial court instructed the jury “that ‘the law says one is presumed to intend the natural and probable and inevitable consequence of his own intentional acts.’ ” 460 So.2d at 338 (em *1084 phasis added). This Court held in Salmon that, under Sandstrom v. Montana, 442 U.S. 510, 513, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)—in which the United States Supreme Court held that an instruction that “ ‘[t]he law presumes that a person intends the ordinary consequences of his voluntary acts’ ” was erroneous—the court’s instruction created a conclusive presumption of intent that unconstitutionally shifted the burden of proof to the defendant. However, in this case, the court did not instruct the jury that it must presume that Morton intended the natural and probable and inevitable consequences of his own intentional acts, as was the case in Salmon; rather, the court here merely instructed the jury that it may infer that Morton had the intent to kill based on the his acts and behavior and the circumstances surrounding the crime.
It is well settled that an instruction that the jury may infer intent from the surrounding circumstances, like the instruction here, is permissible- and proper. See, e.g., Ex parte Burgess, 827 So.2d 193, 199 (Ala.2000) (“An instruction that ‘intent to commit murder may be presumed from the defendant’s act of using a deadly weapon,’ would unconstitutionally shift to the defendant the burden of proving lack of specific intent.... The correct instruction on this particular point would be that intent to kill may be inferred from the defendant’s act of using a deadly weapon.”); and McNabb v. State, 887 So.2d 929, 979 (Ala.Crim.App.2001) (“The court in this case correctly instructed the jury that the intent to kill could be infeired from the use of a deadly weapon; it did not imper-missibly charge the jury that the intent to kill should be presumed from the use of a deadly weapon. Therefore, there was no error, much less plain error, in the trial court’s instruction.”), aff'd, 887 So.2d 998 (Ala.2004). See also Hart v. State, 612 So.2d 520, 528-29 (Ala.Crim.App.), aff'd, 612 So.2d 536 (Ala.1992); and DeRamus v. State, 565 So.2d 1167, 1170 (Ala.Crim.App. 1990).
The court here instructed the jury that it could infer intent from Morton’s behavior and from the acts and the circumstances surrounding the crime; the court did not impermissibly instruct the jury that it was required to presume intent. Therefore, there was no error in the above-quoted instruction.
II.
Second, Morton contends that the trial court erred in refusing to give his requested jury instruction no. 5 regarding accomplice liability. He argues that the instruction was a correct statement of the law and that it supported his theory that he did not have the intent to kill. Morton’s requested jury instruction no. 5 reads:
“The accomplice is criminally responsible for acts which are the direct, proximate, natural result of the conspiracy formed, but he is not responsible for any special act, not within the scope of the common purpose, but growing out of the individual malice of the perpetrator.”
(C. 486.) Morton properly objected to the court’s refusal to give this instruction at the conclusion of the court’s oral charge.
As noted in our August 30, 2013, opinion, “every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however, weak, insufficient, or doubtful in credibility.” Chavers v. State, 361 So.2d 1106, 1107 (Ala.1978). However, “[w]hen requested charges are either fairly and substantially covered by the trial judge’s oral charge or are confusing, misleading, ungrammatical, not predicated on a consideration of the evidence, argumen *1085 tative, abstract, or a misstatement of the law, the trial judge may properly refuse to give such charges.” Ward v. State, 610 So.2d 1190, 1194 (Ala.Crim.App.1992).
In this case, the trial court instructed the jury on accomplice liability; thus, the requirements for complicity were fairly and substantially covered by the court’s charge. Moreover, although the requested instruction was a correct statement of the law — it was a direct quote from the Alabama Supreme Court’s opinion in Ex parte Woodall, 730 So.2d 652, 658 (Ala.1998)[2]— standing alone, the instruction was misleading and confusing because it contained legal terms that were not applicable to this case and that were not defined. Specifically, the requested instruction included the term “conspiracy,” but that term was not defined in the instruction and Morton was never charged with conspiracy. The requested instruction also included the term “malice,” but that term, too, was not defined in the instruction and malice is not an element of attempted murder. See, e.g., Jackson v. State, 265 Ala. 690, 691, 93 So.2d 808, 810 (1957) (holding that defendant’s requested jury instruction on accident was properly refused where it failed to define the term “accident”); and Wakefield v. State, 447 So.2d 1325 (Ala.Crim. App.1983) (same). See also Brown v. State, 401 So.2d 213, 216 (Ala.Crim.App. 1981) (holding that jury instruction “that the killing must not be the ‘offspring of malice’ in order for the crime to be reduced from murder to manslaughter has a misleading tendency” because the absence of malice is no longer a requisite to reduce the offense of murder to manslaughter). Cf., Carpenter v. State, 395 So.2d 110, 115 (Ala.Crim.App.1980) (holding that, in murder prosecution, instruction identical to the instruction requested here was properly refused on the ground that it “vitiate[d] the felony-murder doctrine”). Therefore, the trial court did not err in refusing Morton’s requested jury instruction no. 5.
Based on the foregoing, Morton’s application for rehearing is overruled.
APPLICATION OVERRULED.
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.

. The trial court did not restate the instruction during its charge on attempted murder.

. Additionally, an identical instruction was given in Smith v. State, 795 So.2d 788, 831 (Ala.Crim.App.2000), as part of a lengthy charge on complicity, and this Court, in addressing the defendant's claim that the trial court’s instructions on complicity erroneously lowered the State's burden of proof, held that the court’s instructions as a whole "were thorough and accurate statements of the law.”